■ Robert G. Mueller et al., Appellants-Respondents, v Richard S. Funk, Defendant, and Orlanza D. Pearson et al., Respondents-Appellants. — In a negligence action to recover damages for personal injuries, (1) plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Rader, J.), dated September 15, 1980, as granted the branch of the motion of defendants Pearson and Wilson which sought leave to amend their answer to assert the affirmative defense of lack of quasi in rem jurisdictoin, and (2) said defendants cross-appeal from so much of the same order as denied the branch of their motion which sought to dismiss the action for lack of personal (quasi in rem) jurisdiction. Order modified, on the law, by deleting the first decretal paragraph and substituting therefor a provision denying the branch of the motion by defendants Pearson and Wilson which sought leave to amend their answer. As so modified, order affirmed, without costs or disbursements. On appeal, plaintiffs raise for the first time the issue of whether a written and signed stipulation, included in the record, by which defendants Pearson and Wilson acceded to the assertion of quasi in rem jurisdiction, should have barred Special Term from granting them leave to controvert the existence of such jurisdiction *nunc pro tunc* in their answer. While the general rule proscribes consideration on appeal of issues not raised at Special Term (see *Brown v Kimmel,* 68 AD2d 896, 897), we believe the issue before us constitutes an exception because it "appeared upon the face of the record and * * * could not have been avoided by [defendants Pearson and Wilson] if brought to their attention at the proper juncture" (see *Matter of Knickerbocker Field Club v Site Selection Bd. of City of N.Y.,* 41 AD2d 539, 540). Turning to the merits, Special Term erred in granting leave to amend in light of the stipulation which

eliminated the issue of quasi in rem jurisdiction from the action (see *Biener v Hystron Fibers,* 78 AD2d 162, 165-167). Mangano, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.