■ MICHAEL WILLIAMS, Appellant, v CITY OF NEW YORK et al., Respondents. — In an action to recover damages for false arrest, plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kassoff, J.), dated November 10, 1980, which granted defendants' motion to compel plaintiff to accept the service of a late answer, and (2) a further order of the same court (Leviss, J.), dated February 13, 1981, which granted defendants' motion to dismiss the complaint on the ground of the Statute of Limitations. Orders affirmed, without costs or disbursements. Upon plaintiff's rejection of their answer, which was served approximately two months late, defendants moved for an order compelling the plaintiff to accept the answer. This motion is, in effect, a motion for an extension of time to answer. Since "the courts enjoy a * * * broader range of discretion when considering a motion for an extension of time under CPLR 2004 which precedes" an application for entry of a default judgment (see A&J Concrete Corp. v Arker, 54 NY2d 870, 872; cf. Barasch v Micucci, 49 NY2d 594), we cannot say that Special Term abused its discretion in granting the instant motion. Defendants have not only established a conclusive defense, but have also shown that the delay in service was not willful or overly lengthy and that there was no real prejudice to the plaintiff (see Matter of Hanover Sand & Gravel v New York State Thruway Auth., 65

AD2d 863; *Hickland v Hickland,* 56 AD2d 978; *Kahn v Stamp,* 52 AD2d 748). We also affirm Special Term's order dismissing the complaint, since the action was commenced beyond the time period set forth in section 50-i of the General Municipal Law. Hopkins, J. P., Mangano, Rabin and Cohalan, JJ., concur.