■ MARGARET LO PINTO, Appellant-Respondent, v CARMINE LO PINTO et al., Respondents-Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated December 18, 1980, as, upon reargument, adhered to the prior determination granting the motion of defendants Lo Pinto to vacate their default in serving an answer upon the condition that their counsel pay plaintiff the sum of $250, and the said defendants cross-appeal from so much of the same order as granted plaintiff's motion to reargue. Order affirmed, with $50 costs and disbursements to defendants Lo Pinto. The length of the delay in the service of the answer of defendants Lo Pinto, measured from July 11, 1980, the expiration date included in plaintiff's letter of consent dated June 11, 1980, addressed to said defendants' insurer in Texas, was minimal. The Lo Pintos, by their trial counsel, demonstrated a reasonable excuse for delay in the service of the answer. The affirmation dated July 28, 1980, submitted in support of the motion to vacate the default in service of a timely answer, together with the answer which alleges defenses and a cross claim against the codefendant, the owner-driver of the second car involved in the two-car accident which gave rise to this action, sets forth a meritorious defense by counsel after review of the insurance investigation file. The Lo Pintos served the proposed answer upon the plaintiff two days after receipt of plaintiff's rejection of a stipulation extending their time to serve the answer. In opposing the Lo Pintos' motion, which in effect was a motion pursuant to CPLR 2004 for an extension of time to answer and which preceded any application for entry of partial summary judgment, the plaintiff did not claim any prejudice. Accordingly, Special Term did not abuse its discretion in adhering to its original order, which directed the service of an answer within 20 days after receipt by the Lo Pintos of a copy of said order, with notice of entry (see *Williams v City of New York*, 85 AD2d 633; see, also, *A & J Concrete Corp. v Arker*, 54 NY2d 870; cf. *Barasch v Micucci*, 49 NY2d 594, which recognized that the length of the delay may have a bearing upon a court's decision to grant or deny relief). The Lo Pintos' cross appeal, based upon the alleged untimely service of plaintiff's motion to reargue, is not supported by the record on appeal. The Lo Pintos have failed to furnish information and documentation as to the date the order, dated September 10, 1980, was served, with notice of entry, by them upon the plaintiff. Mollen, P. J., Lazer, O'Connor and Bracken, JJ., concur.