■ PATRICK R. BERNARD, an Infant, by BARBARA C. BERNARD, His Parent, et al., Appellants, v CITY SCHOOL DISTRICT OF ALBANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered September 3, 1981 in Albany County, which granted defendant's motion for leave to serve an answer and denied plaintiffs' cross motion for the entry of a default judgment. The infant plaintiff, a student at the Hackett Middle School in Albany, was allegedly injured at that school as the result of an assault by another student. A timely notice of claim was served on defendant on February 17, 1981 and defendant was served with the summons and complaint on April 9, 1981. According to defendant's attorney, he did not receive the summons and complaint from the insurance company until June 22, 1981, and on July 2, 1981 he requested plaintiffs' attorney to accept an answer which request was denied. By order to show cause signed on July 2, 1981, defendant moved for leave to serve an answer. Plaintiffs made a cross motion for the entry of a default judgment. Special Term granted defendant's motion and denied plaintiffs' cross motion. This appeal ensued. While it is not clear from the record just what caused the delay by the insurance company in forwarding the summons and complaint to their attorney, it appears that it was due to circumstances akin to law office failure (*Bruno v Village of Port Chester*, 77 AD2d 580). There must be a reversal. The Court of Appeals has recently reaffirmed its holding in *Barasch v Micucci* (49 NY2d 594) and further stated that it is an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure (*Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900). Order reversed, on the law, with costs, motion by defendant denied and cross motion by plaintiff granted. Mahoney, P. J., Sweeney, Mikoll and Levine, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANUEL GRIFFIN, Also Known as FRANK CASTLE, Appellant, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Graves, J.), entered August 24, 1981 in Clinton County, which dismissed petitioner's application for a writ of habeas corpus after a hearing. Petitioner seeks a writ of habeas corpus alleging errors in his conviction for robbery in the first and second degrees and unlawful possession of stolen property. The errors alleged by petitioner are now on review in a direct appeal from his judgment of conviction. Review by way of habeas corpus is generally not available when an appeal of the underlying conviction is pending (*People ex rel. Keitt v McMann*, 18 NY2d 257; *People ex rel. Ellis v LeFevre*, 70 AD2d 967). The writ could not in any event be sustained in view of the fact that petitioner is also incarcerated after conviction for escape in the second degree, which conviction is not being challenged by him in these proceedings. Petitioner would, therefore, not be entitled to relief by way of habeas corpus since he is otherwise legally detained. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.