■ AVIE BROWN et al., Plaintiffs, v MCGRAW-EDISON COMPANY et al., Defendants. MCGRAW-EDISON COMPANY et al., Third-Party Plaintiffs-Respondents, v MEMORIAL HOSPITAL, Third-Party Defendant-Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Williams, J.), entered July 17, 1981 in Albany County, which granted third-party plaintiffs' motion for a default judgment, and (2) from the judgment entered thereon. In the underlying action, plaintiff Avie Brown sustained personal injuries while using a laundry press in the course of her employment at Memorial Hospital (Memorial) for which she received workers' compensation benefits. She commenced an action against defendants which included a derivative cause of action by her husband. Defendants McGraw-Edison Company and American Laundry Machinery, Inc., the alleged manufacturers of the machine, commenced a third-party action against Memorial seeking full indemnification or contribution in the event plaintiffs recovered against them, by personal service of a summons and complaint on March 11, 1981. On April 2, 1981, third-party plaintiffs directed a letter notifying Memorial that it was in default and unilaterally extended the time to answer to April 15, 1981. By notice of motion dated May 6, 1981 and returnable May 28, 1981, third-party plaintiffs moved for leave to enter judgment upon the default of the hospital. Memorial's answer, served May 22, 1981, was rejected and the order from which this appeal has been taken was granted by Special Term on July 13, 1981. Citing *Barasch v Micucci* (49 NY2d 594), Special Term held that the default was due to law office failure and that pursuant to *Bruno v Village of Port Chester* (77 AD2d 580, app dsmd 51 NY2d 769), the *Barasch* criteria were applicable to a defendant seeking to vacate a default in appearance and service of an answer. Memorial contends that Special Term abused its discretion in granting the motion for judgment by default. There must be an affirmance. In *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900, revg 81 AD2d 653), the Court of Appeals recently confirmed that the rule promulgated in *Barasch* applies to a defendant seeking to vacate a default judgment. "Just as it is an abuse of discretion to accept law office failure as an excuse for a plaintiff's failure to prosecute [citation omitted], so is it an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure" (pp 902-903). The excuses proffered by Memorial herein, that it misdirected a request for a 30-day extension and had difficulty in securing plaintiffs' claim file from its Albany office, amount to nothing more than law office failure. Moreover, Memorial did

not explain its failure to heed third-party plaintiffs' letter of April 2 extending the time to answer or move for an extension pursuant to CPLR 2004 (see *A & J Concrete Corp. v Arker,* 54 NY2d 870). Under these circumstances, we cannot say that Special Term abused its discretion in refusing to vacate the default. Order and judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.