■ JOHN C. ROSSMAN et al., Appellants, v ELINOR S. BROWNSTEIN, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered March 17, 1982 in Schenectady County, which granted defendant Brownstein's motion to be relieved of a default in answering. The underlying action is for rescission of a contract of sale of real property conveyed by defendant Brownstein (hereinafter referred to as defendant) to plaintiffs by deed dated September 23, 1981. The action was instituted by service on defendant of a summons and complaint on December 1, 1981. On January 4, 1982, a notice of appearance was served on behalf of defendant, followed by service of an answer dated January 11, 1982. On January 12, 1982, plaintiffs rejected and returned the offered answer and by notice served February 2, 1982, made application for a default judgment returnable March 4, 1982. In the meantime, by notice of motion dated February 2, 1982, returnable February 18, 1982, defendant moved for an extension of time in which to answer. Both applications were considered by Special Term, which elected to treat defendant's motion as one to vacate a default (see *Citibank v*

*Cummings,* 79 AD2d 1068) and on the basis of this court's decision in *Spickerman v State of New York* (85 AD2d 60), it granted defendant's motion. The instant appeal ensued. We are constrained to reverse. In *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900), decided after *Spickerman,* the Court of Appeals confirmed that it is an abuse of discretion to vacate a default on the application of a defendant whose only excuse is law office failure (see, also, *Barasch v Micucci,* 49 NY2d 594). This court has had several recent occasions upon which to apply this rule (see, e.g., *Kahn v Friedlander,* 90 AD2d 868; *Moss v Cooley,* 90 AD2d 657; *Brown v McGraw-Edison Co.,* 89 AD2d 755; *Bernard v City School Dist. of Albany,* 89 AD2d 676; *Falso v Norton,* 89 AD2d 635). Here, the record shows that defendant conferred with her attorney within one week of service of the complaint. Shortly thereafter, defendant went to Florida and did not return until January 1, 1982. In an affidavit, defendant's attorney averred that he made several attempts to contact his client, but to no avail; that from December 11-17, 1982, he was outside the State, "having a holiday 'visitation' with my young daughter"; that on December 21, 1981, his secretary mentioned that defendant had gone to Florida; that he was unaware of how to contact defendant in Florida; and that on or about December 28, 1981, he telephoned plaintiffs' counsel to secure an extension of time in which to answer. None was given. In essence, the attorney relied on his client's absence to excuse the default. Such reliance was not warranted (see *Melendez v Layton,* 83 AD2d 655). In our view, defendant's default was due to circumstances akin to law office failure. The term "law office failure" connotes such matters as "misplaced files, *overlooked time periods,* preoccupied attorneys, and the like" (Siegel, "Law Office Failures"; No Excuse for Nonservice of Complaint, New York State Law Digest, No. 247; emphasis added). It is not unreasonable to assume that counsel was cognizant of the time strictures imposed by CPLR 3012 (subd [a]), and that precautionary measures were necessary to preserve his client's interests, particularly in view of her unexpected departure. Certainly, defendant's absence in no way precluded her attorney from getting an extension of time from plaintiffs in writing (as CPLR 2104 requires), and if not voluntarily given, from timely moving for an extension under CPLR 2004 (see *Eaton v Equitable Life Assur. Soc. of U. S., supra; A & J Concrete Corp. v Arker,* 54 NY2d 870). Moreover, defendant's extension application did not precede, but merely countered plaintiffs' application for the default judgment. Under such circumstances, the court does not enjoy the broader range of discretion available when considering a motion under CPLR 2004 which precedes the application for a default judgment (see *A & J Concrete Corp. v Arker, supra;* cf. *Bernard v City School Dist. of Albany, supra*). Consequently, since the only excuse offered by defendant amounts to law office failure, Special Term abused its discretion as a matter of law by vacating the default (*Eaton v Equitable Life Assur. Soc. of U. S., supra,* p 902). Finally, since the damages claimed in plaintiffs' cause of action were concededly not for a sum certain or for a sum which could by computation be made certain, an assessment of the damages must be made (see CPLR 3215, subd [b]; *Falso v Norton, supra*). Accordingly, the order must be modified by reversing so much thereof as granted defendant's motion to vacate the default judgment, and the matter remitted to the Supreme Court, Schenectady County, for the purpose of conducting an assessment of the damages recoverable. Order modified, on the law, by reversing so much thereof as granted defendant Brownstein's motion to be relieved of her default in answering, and motion denied, and, as so modified, affirmed, without costs; matter remitted to the Supreme Court, Schenectady County, for further proceedings not inconsistent herewith. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.