NORMA WRYE, Individually and as Executrix of JACK A. WRYE, Deceased, Respondent, v CIBA-GEIGY CORPORATION, Appellant.

Third Department, March 31, 1983

APPEARANCES OF COUNSEL

*Caffry, Pontiff, Stewart, Rhodes & Judge, P. C. (Michael Malina* and *Mark David* of counsel, *Kaye, Scholer, Fierman, Hays & Handler),* for appellant.

*Patrick J. Mannix (Benjamin R. Pratt, Jr.,* of counsel, *Miller, Mannix, Lemery & Kafin, P. C.),* for respondent.

**OPINION OF THE COURT**

WEISS, J.

The underlying action to obtain benefits under a pension plan was commenced by service of a summons and complaint in Glens Falls on December 7, 1981. These papers were forwarded to defendant's division headquarters in Ardsley, New York, and were allegedly not discovered by a responsible representative until December 18, 1981. Defendant's attorneys made repeated, but unsuccessful attempts to speak to plaintiff's attorney, Patrick Mannix, a sole practitioner, on the telephone from December 21, 1981 through January 4, 1982. On January 4, 1982, defense counsel sent a letter by express mail to Mannix. That same

day, defendant received a letter at its Glens Falls plant from Mannix, dated December 30, 1981, inquiring about its apparent default. On January 5, 1982, Mannix denied defendant's request for an extension of time to answer. The next day a second request for an extension was denied and an answer was served. In the meantime, without entering a default judgment, Mannix filed a note of issue for an assessment of damages, and returned the answer in a letter dated January 11, 1982. On February 19, 1982, defendant moved for an order compelling an acceptance of its answer. The motion was denied and the instant appeal ensued.

Defendant argues that since the motion to compel acceptance of its answer was essentially one for an extension of time to answer (CPLR 2004), which preceded any application for entry of a default judgment, the court enjoyed a broader range of discretion in excusing its default (*A & J Concrete Corp. v Arker,* 54 NY2d 870, 872; see *Williams v City of New York,* 85 AD2d 633). It is necessary to reconsider the rule previously followed by this court. We have held that an application to extend the time to answer must be made prior to the expiration of the original answering period (*Citibank v Cummings,* 79 AD2d 1068; *Keith v New York State Teachers' Retirement System,* 56 AD2d 671, mot for lv to app den 42 NY2d 801). The *Keith* case was decided in an era when discretion to vacate defaults traditionally had been exercised more liberally in favor of a defendant (see *Sortino v Fisher,* 20 AD2d 25; Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3215:24, pp 303-304, 1982-1983 Pocket Part). However, the Court of Appeals in *Barasch v Micucci* (49 NY2d 594) and its progeny, determined that all parties to an action will be treated equally with respect to time requirements. A rigid rule evolved depriving the court of discretion where a default is due to "law office failure" (see *Q.P.I. Rests. v Slevin,* 58 NY2d 769, revg 88 AD2d 844). However, after *Barasch,* the Court of Appeals ameliorated the rule somewhat to recognize a broader range of discretion in the court when considering a motion for an extension of time under CPLR 2004 so long as it precedes a motion to dismiss for failure to serve a timely complaint

(see *A & J Concrete Corp. v Arker, supra*). Thus, by moving for an extension prior to a defendant's motion to dismiss, a plaintiff who has failed to serve a timely complaint may avoid the consequences of his inaction even where the original time period has expired. Then, in *Eaton v Equitable Life Assur. Soc. of U.S.* (56 NY2d 900, 903), the Court of Appeals extended the same consideration to a defendant by noting that "Respondent * * * could have moved for an extension of time to answer". Today, following the mandate of *Eaton* and *A & J Concrete Corp.*, we hold the prevailing rule of equal treatment necessitates that defendants be allowed to move for an extension of time to answer, notwithstanding expiration of the original answering period. The only limitation remaining is that the extension motion must precede the application for a default judgment. To hold otherwise would create a disparity between the positions of plaintiff and defendant inconsistent with the standard set forth in *Barasch* and *Eaton*. Nor does such a determination conflict with the statute, which by its express terms authorizes an extension "whether the application * * * is made *before* or *after* the expiration of the time fixed" (CPLR 2004; emphasis added).[1]

Turning to the merits of this case, we initially note that plaintiff had not applied for a default judgment prior to defendant's motion for an extension.[2] The mere filing of a note of issue for an assessment of damages does not satisfy the requirements of an application for default (CPLR 3215, subd [e]). Therefore, although Special Term enjoyed a broader range of discretion in deciding defendant's motion,

---

[1]. We note our recent decision in *St. Louis v Willey* (92 AD2d 703) in which we affirmed the court's power to extend the time within which a bill of particulars could be served after the expiration of the time set forth in a conditional order of preclusion. To be noted is the fact that although the cross motion for an extension was made after, and in fact in response to, a motion for summary judgment, we held that the court enjoyed a broader range of discretion to grant relief from its *own order* pursuant to CPLR 2004, which, in the absence of a showing of prejudice, permits the application for a time extension whether made before or after the expiration of the time fixed (Siegel, New York Practice, § 6, pp 6-7; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2004.02). *St. Louis v Willey* (*supra*) should be read as limited to the factual circumstance peculiar to that case.

[2]. Parenthetically, there is nothing in the record to establish if plaintiff has moved for a default judgment.

that court failed to exercise this discretion (*A & J Concrete Corp. v Arker,* 54 NY2d 870, 872, *supra; Lo Pinto v Lo Pinto,* 87 AD2d 585; *Williams v City of New York,* 85 AD2d 633, *supra*). It cannot be disputed that defense counsel's attempt to contact opposing counsel by telephone was insufficient to affirmatively preserve the interest of his client (see *Rossman v Brownstein,* 91 AD2d 1157). However, it is clear that defendant not only set forth a meritorious defense, but that the delay of nine days was neither willful nor overly lengthy and that no real prejudice to plaintiff has been demonstrated (see *Matter of Hanover Sand & Gravel v New York State Thruway Auth.,* 65 AD2d 863). Under these circumstances, and in the exercise of a broader range of discretion available under CPLR 2004, the order appealed from should be reversed, defendant's default excused, and plaintiff required to accept defendant's answer which shall be served within 20 days after service of a copy of the order to be entered hereon (*Williams v City of New York,* 85 AD2d 633, *supra*).

MAHONEY, P. J., SWEENEY, MAIN and CASEY, JJ., concur.

Order reversed, on the law and the facts, without costs, motion by defendant granted, and plaintiff directed to accept defendant's answer which shall be served within 20 days after service of a copy of the order to be entered hereon.