■ ETHEL BUSKEY, Individually and as Mother of ROBERT BUSKEY, an Infant, Appellants, v CITY OF SCHENECTADY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Levine, J.), entered May 3, 1982 in Schenectady County, which conditionally granted defendant's motion to be relieved of its default and granted it permission to serve a proposed answer. On August 21, 1980, the infant plaintiff herein was riding his bicycle along Nott Street in defendant city when one of the wheels ran against a protruding water shut-off valve and as a consequence he was caused to lose control and was thrown to the pavement after which he was struck by a passing motor vehicle. As a result, the infant plaintiff allegedly suffered serious and permanent injuries. Thereafter, the instant action was commenced by the service of a summons and complaint upon defendant on June 6, 1981. Though it obtained from plaintiffs no extension of time within which to serve an answer and did not move for such relief pursuant to CPLR 2004, the city served an answer and a demand for a bill of particulars on September 15, 1981, which were promptly returned by plaintiffs' attorney. After plaintiffs filed a note of issue on October 7, 1981 for an inquest at the December nonjury term of Supreme Court, defendant moved on November 23, 1981 to be relieved of its default and for permission to serve an answer. Special Term, after concluding that the proposed answer presented a meritorious defense, noted that, while the delay fell generally within the category of law office failure, a significant portion of the delay was attributable to defendant's unsuccessful attempts to contact plaintiffs' attorney for the purpose of requesting an extension due to the

latter's unavailability or failure to respond to telephone messages, and upon its further finding of an absence of prejudice relieved defendant of its default subject to certain sanctions and conditions. Special Term's order should be affirmed. In *Wrye v Ciba-Geigy Corporation* (92 AD2d 341), following the mandates of *Eaton v Equitable Life Assur. Soc. of U. S.* (56 NY2d 900) and *A & J Concrete Corp. v Arker* (54 NY2d 870), this court held that the prevailing rule of equal treatment necessitates that a defendant be allowed to move for an extension of time to answer notwithstanding expiration of the original answering period and that the only limitation was that the extension motion must precede the application for a default judgment pursuant to CPLR 3215. At bar no such application was made. Moreover, in *Wrye* (*supra*) we adopted the defendant's equation of a motion to compel acceptance of its answer to one for an extension of time to answer (CPLR 2004) thus affording a broader range of discretion in the court. Accordingly, the order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.