### (August 5, 1983)

■ PATRICK R. BERNARD, an Infant, by BARBARA C. BERNARD, His Parent, et al., Appellants, v CITY SCHOOL DISTRICT OF ALBANY, Respondent. — Motion for reargument granted, without costs, and decision dated July 15, 1982 [89 AD2d 676], rescinded and order entered August 3, 1982, vacated. Special Term, by order entered September 3, 1981, granted defendant's motion for leave to serve an answer and denied plaintiffs' cross motion for entry of default judgment. Subsequent to Special Term's order but before this court's determination of the appeal therefrom, the Court of Appeals held that courts were without discretion to excuse the failure to timely file an answer where the excuse was merely law office failure (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900). This court then reversed since the excuse, which dealt with delay by the insurance company in forwarding the summons and complaint to defendant's attorney, was akin to law office failure such that Special Term was without discretion to excuse the delay (*Bernard v City School Dist. of Albany,* 89 AD2d 676). Defendant now moves for reargument based upon two recent decisions of

this court (*Buskey v City of Schenectady,* 94 AD2d 920; *Wrye v Ciba-Geigy Corp.,* 92 AD2d 341). Recent legislation, which we hold applies to the instant case, renders consideration of these cases unnecessary. On June 21, 1983, certain amendments to the CPLR became effective which in essence overruled the legal approach to pleading defaults resulting from *Barasch v Micucci* (49 NY2d 594) and *Eaton v Equitable Life Assur. Soc. of U. S.* (*supra*) (L 1983, ch 318). This legislation specifically provides that it shall be "construed as remedial in nature" and shall apply in every action "still * * * pending before a court" (§ 3). Since this action has not yet proceeded to final judgment, it is clearly "pending" within the meaning of the remedial legislation. As a result, the amendments apply and discretion therefore exists to grant an extension of time to serve an answer. In cases such as this where Special Term initially exercised its discretion and this court reversed as a matter of law based upon *Barasch* or *Eaton,* parties attempting to take advantage of the remedial legislation should move this court for reargument. Where Special Term did not exercise discretion initially and this court affirmed, or where an appeal is pending before this court but not yet decided, the motion for reargument should be made to Special Term. Upon review of the record in this case, we conclude that Special Term abused its discretion in granting the extension. The motion to permit service of an answer was not made until 64 days after the answer was due. It is admitted that as early as two days prior to expiration of the answering period, plaintiffs' attorneys made it clear to representatives of defendant's insurance company that an extension of time to answer would not be given. This position was repeated on at least one other occasion. Yet the insurance company waited for approximately six weeks before forwarding the summons complaint to its attorneys. This inordinate delay is not explained. Since defendant has thus failed to offer a reasonable excuse for the delay, an extension of time was improperly granted. Order entered September 3, 1981, reversed, on the law and the facts, without costs, motion by defendant denied and cross motion by plaintiff granted. Mahoney, P. J., Sweeney, Mikoll and Levine, JJ., concur.