employer challenging claimant's entitlement to benefits ensued. The record discloses that claimant was asked if she was available to continue teaching during the next semester, but there is no indication that she was ever notified that there would be a job available (see *Matter of Scully [Roberts]*, 88 AD2d 689) or that she would be reappointed (see, e.g., *Matter of Gaeta [Ross]*, 78 AD2d 742, mot for lv to app den 52 NY2d 703). Furthermore, although proof of past hiring practices may, in certain circumstances, demonstrate that a claimant had reasonable assurance of continued employment under subdivision 10 of section 590 of the Labor Law (see *Matter of Williams [City School Dist. of Binghamton — Ross]*, 81 AD2d 928, mot for lv to app den 54 NY2d 608), we cannot say that claimant's past rehiring provided the requisite reasonable assurance of continued employment. The continuation of the position that claimant held was dependent upon the enrollment of an adequate number of students and, because the employer did not rely on past enrollment to schedule future classes, the past enrollment cannot be relied on as reasonable assurance that future enrollment would be adequate to continue the position. Thus, without knowing whether the position would be continued, claimant could not have had reasonable assurance of continued employment. Accordingly, the board's determination that claimant was eligible for benefits because her past rehiring did not provide reasonable assurance of continued employment in an educational institution under subdivision 10 of section 590 of the Labor Law should be affirmed. Decision affirmed, with costs to claimant. Mahoney, P. J., Kane, Main and Casey, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Claimant was an instructor of continuing education at Queens College, a unit of the City University of New York, since 1978. The board held that claimant was eligible for unemployment benefits between semesters because she did not have reasonable assurance that she would be engaged by the college at the next term. There should be a reversal. Claimant had been asked about her availability for work before the end of the fall semester. She indicated that she was available. This procedure was consistently used in the past during her four years of employment. Her reappointment was conditional only on a sufficient registration of students. Under these circumstances, claimant had reasonable assurance of re-employment and is, therefore, ineligible for benefits pursuant to subdivision 10 of section 590 of the Labor Law. The board's decision to the contrary is irrational and unreasonable (see *Matter of Silverman [Ross]*, 82 AD2d 955; *Matter of Wilson [Ross]*, 80 AD2d 980; *Matter of Gaeta [Ross]*, 78 AD2d 742, mot for lv to app den 52 NY2d 703). The amount paid to her is not recoverable in that she received the payments in good faith. Her answers to the commissioner's inquiries regarding her eligibility were entirely candid. Under such circumstances, a recovery is foreclosed pursuant to subdivision 4 of section 597 of the Labor Law. The decision should be reversed, without costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

(August 19, 1983)

■ IRENE M. KROGH, Appellant, v K-MART CORPORATION et al., Respondents. — Motion for reargument granted, without costs, and decision dated March 10, 1983, rescinded and order entered May 13, 1983, vacated (see *Bernard v City School Dist.*, 96 AD2d 995). Upon reargument, order of Special Term entered

February 17, 1982, which denied plaintiff's motion for a default judgment against defendant K-Mart Corporation and granted defendant K-Mart Corporation's cross motion for an order relieving it of its default in answering, affirmed, without costs. Upon review of the record in this case, we conclude that Special Term did not abuse its discretion in denying plaintiff's motion and granting the motion of defendant K-Mart Corporation. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.