■ ELIZABETH J. KIMBALL, Respondent, v CONTINENTAL ASSURANCE COMPANY, Also Known as CNA INSURANCE COMPANY, Appellant — Appeal (1) from an amended order of the Supreme Court at Special Term (Pitt, J.), entered January 6, 1983 in Rensselaer County, which denied defendant's motion for leave to serve an answer and granted plaintiff's cross motion for the entry of a default judgment, and (2) from the judgment entered thereon. In the instant action, plaintiff seeks to recover on two policies of life insurance issued by defendant to plaintiff's late husband. The summons and complaint were duly served on November 3, 1982. Due to a misapprehension by an employee of defendant that it had 30 days in which to serve an answer, an answer was not served until November 29, 1982. Plaintiff's attorney rejected the answer as untimely and, by order to show cause signed December 3, 1982, defendant applied for leave to serve an answer. Plaintiff then cross-moved for the entry of a default judgment. Special Term denied defendant's motion and granted plaintiff's cross motion. This appeal by defendant ensued. Although Special Term did not render a written decision, a review of the record reveals it found that defendant's delay in serving an answer was caused by circumstances akin to law office failure (see *Bernard v City School Dist.*, 89 AD2d 676, adhered to on rearg 96 AD2d 995). At the time Special Term rendered its decision, it was without discretion to excuse the failure to timely file an answer where the excuse was merely law office failure (*Eaton v Equitable Life Assur. Soc.*, 56 NY2d 900; *Barasch v Micucci*, 49 NY2d 594). However, subsequent to Special Term's order, amendments to the CPLR became effective which restored discretion, in situations such as this, to grant an extension of time to serve an answer (see *Upright v City of Kingston*, 96 AD2d 1012; *State Farm Mut. Auto. Ins. Co. v Viger*, 94 AD2d 592). Accordingly, pursuant to the policy of this court

set forth upon the reargument of *Bernard v City School Dist.* (96 AD2d 995), the instant order must be reversed and the matter remitted to Special Term for the exercise of its discretion unfettered by *Barasch* and *Eaton.* Order and judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur