■ CLIFFORD GOODSELL, Respondent, v CAROL DAVENPORT, Appellant. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered January 26, 1983 in Saratoga County, which granted plaintiff's motion for a default judgment against defendant. This action to recover for the nonpayment of moneys due upon a contract to build a barn was commenced by personal service of a summons and complaint on November 2, 1982. The answer was required to be served by November 22, 1982 (CPLR 3012, subd [a]). On December 30, 1982, an answer had not as yet been furnished and plaintiff moved for a default judgment. Included in defendant's answering affidavits was a proposed answer with a counterclaim. These opposition papers permit treatment of them as a motion to open the default, enabling defendant to pursue this appeal (see *Exact Tool & Die Corp. v Bittlingmaier,* 70 AD2d 1055). In the interim, on November 30, 1982, defendant had moved for a change of venue, which was denied on December 14. On December 28, 1982, ostensibly in the belief that the complaint's underlying purpose was to enforce plaintiff's previously filed mechanic's lien, defendant also served notice on plaintiff, pursuant to section 59 of the Lien Law, to commence action enforcing the lien. Special Term's January 14, 1983 decision granting plaintiff's application for a default judgment, in its entirety, reads that "[u]pon a review of all papers submitted on the motion the court grants the motion without costs. (*Eaton* v. *Equitable Assurance Soc. of the United States, Inc.,* 56 N. Y. 2d 900)." *Eaton* stands for the proposition that courts are without discretion to overlook the omission to timely file an answer where the excuse is law office failure. Since it is quite likely that Special Term did not exercise its discretion initially, believing it was precluded from doing so by *Eaton,* it should be afforded the opportunity to reconsider this matter in light of recent statutory amendments (L 1983, ch 318; see *Bernard v City School Dist.,* 96 AD2d 995; see, also, *Brady v Reynolds Printasign Co.,* 59 NY2d 979). Order reversed, on the law, without costs, and matter remitted to Special Term to enable it to reconsider the matter and exercise its own discretion. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.