■ RICHARD REED, Respondent, v MARTIN NEMER VOLKSWAGEN CORPORA-TION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered January 5, 1983 in Albany County, which denied defendant's motion to vacate a default judgment and vacated a stay of execution of that judgment. Plaintiff seeks to recover the expense of replacing or fixing a radio and installing air conditioning in a used car purchased from defendant. A summons with notice was served on September 16, 1982. On either October 5 or October 8, 1982, in the course of a telephone conversation between plaintiff's attorney and defendant's claims adjuster regarding settlement, defendant was granted an oral extension of time to answer. Although plaintiff maintains the extension was only to be until October 20, 1982, defendant's representative believed the extension was open ended. Correspondence between them, exchanged prior to the default judgment being entered, supports each of their claimed views. The judgment, entered on November 5, 1982, was received by defendant on November 17, 1982 and by his adjuster two days later. An order to show cause staying enforcement of the default judgment and a motion to vacate it was obtained on December 1, 1982. On December 23, 1982, the date the motion was returnable, Special Term denied the motion in an oral decision. At the time Special Term rendered its decision, it lacked discretion to excuse a default resulting from law office failure (*Eaton v Equitable Life Assur. Soc.*, 56 NY2d 900; *Barasch v Micucci*, 49 NY2d 594). Although the basis underlying the oral decision does not appear in the record, since it is likely that Special Term, believing it was bound by *Eaton*, did not exercise its discretion initially, the order is reversed and remitted to Special Term for the exercise of its discretion (*Goodsell v Davenport*, 97 AD2d 636; *Kimball v Continental Assur. Co.*, 97 AD2d 604; *Bernard v City School Dist.*, 96 AD2d 995). Parenthetically, we note that as this is not an action for a sum certain and an inquest was not had, judgment for the amount demanded in the summons with notice could not properly be entered by the clerk (*Falso v Norton*, 89 AD2d 635, app dsmd 57 NY2d 955). Order reversed, on the law, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Sweeney, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.