In the Matter of the Estate of COPLIN YARAS, Deceased. EDWARD FRISBEE, as Preliminary Executor of the Estate of COPLIN YARAS, Deceased, Respondent; JOHN J. GLAVIN, SR., Appellant. — Appeals (1) from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered February 28, 1983, which denied respondent's motion to vacate an order disallowing a claim against the decedent's estate, and (2) from an order of said court, entered September 13, 1983, which denied respondent's motion for reargument. ¶ The order disallowing respondent's claim was entered upon default, and the motion to vacate the default was denied since the excuse offered for the default constituted law office failure (see *Barasch v Micucci,* 49 NY2d 594). Following the enactment of CPLR 2005, effective June 21, 1983 (L 1983, ch 318), which negates the holding in *Barasch (supra),* the practice in this department has been to remit the matter to the trial level for the exercise of its discretion where the denial of a motion to vacate a default was predicated on the theory that a law office failure precluded any exercise of discretion (*Reed v Nemer Volkswagen Corp.,* 97 AD2d 924; *Goodsell v Davenport,* 97 AD2d 636; *Kimball v Continental Assur. Co.,* 97 AD2d 604; *Bernard v City School Dist.,* 96 AD2d 995). Petitioner maintains that remittal is not appropriate in this case since the affidavit of merit submitted in support of the motion fails to establish the existence of a meritorious claim, a factor discussed by the Surrogate (see *Yeshiva Beth Yehuda V'Chaim D'Betlan v Town of Shandaken,* 100 AD2d 641). ¶ The affidavit of merit can most charitably be described as prolix and obscure, but we cannot say that it is so utterly devoid of merit as to be insufficient as a matter of law. Indeed, the Surrogate found that it stated a claim for interest. Nor can we say with any reasonable degree of certainty that the Surrogate's denial of respondent's motion to vacate constituted an exercise of discretion which can now be reviewed by us. Despite having discussed the sufficiency of the affidavit of merits, the Surrogate prefaced his decision by stating that "[a]fter review of the submissions of all parties concerned, the Court is reluctantly constrained to follow the direction of the Court of Appeals as laid down in *Barasch* v. *Micucci*". Under these circumstances, we deem it appropriate to adhere to our practice of remitting the matter so that the Surrogate can rule on the motion to vacate the default by the exercise of discretion which is no longer hampered by *Barasch.* ¶ Order entered February 28, 1983 reversed, on the law, without costs, and matter remitted to Surrogate's Court of Albany

County for further proceedings not inconsistent herewith. ¶ Appeal from order entered September 13, 1983 dismissed, as academic. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.