■ FRANK KLENK et al., Appellants, v HENRY K. KENT, Respondent. — Order unanimously reversed, without costs, defendant's motion denied and judgment reinstated. Memorandum: Plaintiffs appeal from an order granting defendant leave to reargue plaintiffs' original motion for a default judgment and which, upon reargument, vacated the order granting the default judgment, vacated the default judgment, and directed plaintiffs to accept service of defendant's answer and counterclaim. We reverse. ¶ A defendant late in answering is in default and his application to be excused therefrom is equivalent to a motion to open a default judgment (*Bermudez v City of New York,* 22 AD2d 865; see, also, *Bernard v City School Dist.,* 96 AD2d 995). To succeed on the motion, defendant must show a reasonable excuse for his delay and must demonstrate that his defense or claim has merit (*Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). ¶ Here, defendant's delay of three months in serving an answer cannot be characterized as minor (*Bernard v City School Dist., supra;* cf. *State Farm Mut. Auto. Ins. Co. v Viger,* 94 AD2d 592) and clearly resulted from law office failure. While Special Term had discretion to excuse such failure (CPLR 2005; 3012, subd [d]), it was improper to do so absent a showing of merit. Having failed to submit an affidavit, defendant relies solely upon the proposed answer and counterclaim for his showing of merit. Although a verified pleading alleging evidentiary facts may serve as an affidavit of merit (see CPLR 105, subd [t]), defendant's pleading as it appears in the record, does not contain a verification. Beyond that, however, the answer merely denies "knowledge or information sufficient to form a belief" as to plaintiffs' causes of action, and the counterclaim sets forth only conclusory facts in a skeletal manner and fails to address the gravamen of plaintiffs' claims. The pleading, therefore, is insufficient as an affidavit of merit. (Appeal from order of Supreme Court, Erie County, Kramer, J. — vacate default judgment.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.

■ LAWRENCE A. SAPONARI, Appellant, v OWEN D. YOUNG CENTRAL SCHOOL DISTRICT et al., Respondents. — Order and judgment unanimously affirmed, without costs, for reasons stated in memorandum decision at Special Term, Tenney, J. (Appeal from order and judgment of Supreme Court, Herkimer County, Tenney, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ.

■ In the Matter of the Estate of JAMES H. BRAHANEY, Deceased. — Decree unanimously affirmed, without costs. Memorandum: We affirm for the reasons stated in the opinion of the Surrogate (Horey, S.). We add only that, considering the will in its entirety, the testator intended by the words "or the survivor or survivors of them" that the ultimate beneficiary or beneficiaries survive the other named beneficiaries. Where the testator made bequests dependent upon survivorship of himself, he clearly so stated. (Appeal from decree of Cattaraugus County Surrogate's Court, Horey, S. — will construction.) Present — Dillon, P. J., Doerr, Boomer, Green and O'Donnell, JJ. [117 Misc 2d 46.]