■ **ALBERT I. LONSTEIN, P. C.,** Respondent, v **NORMAN SEE-MAN** et al., Appellants.—Main, J. P. Appeals from an order of the Supreme Court at Special Term (Torraca, J.), entered July 26, 1984 in Ulster County, which denied defendant Norman Seeman's motion to vacate a default judgment entered against him.

Plaintiff is a law firm which was retained by defendants to represent defendant Norman Seeman in a criminal matter in Ulster County. During the course of this representation, plaintiff, by order to show cause, moved to be relieved as counsel and awarded attorney's fees. County Court relieved plaintiff as counsel, but denied that portion of the motion which sought to have attorney's fees awarded. Thereafter, plaintiff commenced this action to recover attorney's fees. A default judgment in the amount of $8,063.53 was entered in favor of plaintiff and against defendant Norman Seeman, who then moved to vacate the default under CPLR 5015 (a). Special Term denied the motion and defendant Norman Seeman appeals. The other defendants filed a "cross-notice of appeal".

Initially, the "cross appeal" must be dismissed. The defendants taking this "cross appeal" are not aggrieved by the order entered July 26, 1984 inasmuch as the deficiency judgment, which was not vacated, is solely against defendant Norman Seeman and does not adversely affect these defendants.

On the merits, after reviewing the record, we agree with Special Term that defendant Norman Seeman has failed to demonstrate a reasonable excuse and meritorious defense as is required to vacate a default judgment under CPLR 5015 (a) (1) (*see, e.g.,* Siegel, 1984 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5015, 1984-1985 Supp Pamph, pp 432-433). Plaintiff's action for attorney's fees, however, cannot be considered for a sum certain, especially in view of the fact that County Court failed to make an award of attorney's fees when relieving plaintiff as counsel for defendant Norman Seeman. Thus, judgment could not properly be entered by the County Clerk and an inquest on the issue of damages is necessary (*see, e.g., Reed v Nemer Volkswagen Corp.,* 97 AD2d 924).

Order reversed, on the law, without costs, motion granted and matter remitted to Special Term for further proceedings *not* inconsistent herewith. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.