■ DAVID M. GUIDO et al., Respondents, v NEW YORK TELE-PHONE COMPANY et al., Defendants, and WILLIAM R. BRIGGS CONSTRUCTION COMPANY, Appellant.—Kane, J. Appeal from an order of the Supreme Court (Connor, J.), entered June 27, 1986 in Ulster County, which denied defendant William R. Briggs Construction Company's motion to, *inter alia,* vacate a default judgment entered against it.

Plaintiffs entered into an agreement with defendant New York Telephone Company to install underground telephone and electrical service to property owned by plaintiffs. New York Telephone then engaged defendant William R. Briggs Construction Company (hereinafter Briggs) as general contractor to install the underground wires. Thereafter, plaintiffs' property was allegedly damaged due to blasting done by defendant John Boyle Drilling and Blasting Company (hereinafter Boyle), a subcontractor engaged by Briggs.

On January 13, 1986, plaintiffs served Briggs with a summons and complaint. Briggs forwarded the matter to its insurance broker. Nothing further occurred until February 20, 1986, when American International Adjustment Company informed Briggs that its insurance company had retained an attorney to represent it. An answer and demand for bill of particulars was thereafter sent to plaintiffs' attorney on February 24, 1986. These were rejected as untimely by plaintiffs' attorney.

On February 28, 1986, plaintiffs moved ex parte for a default judgment. On March 6, 1986, Briggs moved for an order pursuant to CPLR 3012 (d), 2005 and 5015 extending the time within which to answer, compelling plaintiffs to receive the same and denying any application for a default judgment. On March 14, 1986, Supreme Court granted plaintiffs' motion for a default judgment. Thereafter, by order dated June 23, 1986, Briggs' motion was denied by another Justice of the Supreme Court. Briggs' subsequent motion for reargument was also denied. This appeal from the June 23, 1986 order ensued.

In the instant case, Briggs' motion to extend its time to answer was made on March 6, 1986, after the expiration of its time to answer *(see,* CPLR 320 [a]). Consequently, Briggs' remedy was to move to vacate its default and, in such instance, in order to prevail, Briggs was required to show a valid excuse and a meritorious defense *(see, Keith v New York State*

*Teachers' Retirement Sys.,* 56 AD2d 671, 672, *lv denied* 42 NY2d 801; *see also, Klenk v Kent,* 103 AD2d 1002). Since Briggs wholly failed to demonstrate a meritorious defense, its motion was properly denied *(see, Klenk v Kent, supra; Citibank v Cummings,* 79 AD2d 1068).

Nevertheless, Briggs asserts that the second order denying its motion affected the prior order which had granted plaintiffs' motion for a default judgment, and therefore its motion should have been transferred to the Justice deciding the first order for his decision. Although Briggs' motion should have been transferred to the Justice deciding the first order *(see,* 4 NYCRR 202.3 [b]; 202.6), in the interest of conserving judicial resources, we have elected to review this matter on the merits. We have examined Briggs' remaining contentions and find them to be without merit. The order should therefore be affirmed.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.