■ WILLIAM J. WOODWARD, Respondent, v EIGHMIE MOVING & STORAGE, INC., et al., Defendants, and HAROLD F. SHERMAN, Appellant.—Levine, J. Appeal from an order of the Supreme Court (Bradley, J.), entered August 11, 1988 in Ulster County, which denied defendant Harold F. Sherman's motion to vacate a default judgment entered against him.

Plaintiff commenced this action against Eighmie Moving & Storage, Inc. (hereinafter the corporation), Jeremiah Sullivan and Harold F. Sherman (hereinafter defendant) for breach of a commercial lease agreement. Sullivan and defendant are officers of the corporation and both signed the lease agreement. Defendant alleges that after being personally served with a summons and notice, he forwarded it to his then attorney (who also was the attorney for the corporation) and thereafter assumed that the attorney was handling all matters related to the litigation. In actuality, however, defendant never answered or appeared in the action and, in October 1987, plaintiff obtained a default judgment against defendant in the amount of $128,431.70 by application to the clerk of the court pursuant to CPLR 3215 (a). On February 1, 1988, defendant, having retained new counsel, moved to vacate the default judgment under CPLR 5015 (a). Defendant asserted that the judgment entered by the clerk was void since it was not for a "sum certain" due to the inclusion of $24,546.18 claimed by plaintiff as reasonable counsel fees and, therefore, the clerk was without authority to enter the judgment (see, CPLR 3215 [a]). Defendant also claimed that his default should be excused as it was attributable to the law office failure of his prior counsel and that he had a meritorious defense in that the lease agreement was solely an obligation of the corporation.

Supreme Court denied defendant's motion to vacate, finding that a reasonable excuse for the default had not been established and that defendant had also failed to demonstrate a meritorious defense to the action. Supreme Court further ordered remittitur of the portion of the claim for counsel fees so that "court approval" could be obtained. Defendant now appeals.

On appeal defendant contends that Supreme Court erred in denying his motion to vacate the default on the ground that

the judgment was never properly obtained from the clerk pursuant to CPLR 3215 (a) since it was not for a sum certain. Defendant is correct in maintaining that this error alone is sufficient grounds for vacating a default judgment *(see, Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572-573; *see also, Albert I. Lonstein, P. C. v Seeman,* 112 AD2d 566).

Defendant further argues that the default judgment is defective due to plaintiff's error in submitting only an attorney's affidavit of merit in his application to the clerk *(see,* CPLR 3215 [e]; *Joosten v Gale,* 129 AD2d 531, 534; *Wescott v Niagara-Orient Agency,* 122 AD2d 557, 558; *but see, Freccia v Carullo,* 93 AD2d 281). Plaintiff concedes the error but argues that this court should not consider it since defendant failed to raise it in his motion papers before Supreme Court. Where, as here, an error is apparent upon the face of the record and would have been irrefutable by plaintiff had it been properly raised, this court may consider it on appeal *(see, Joosten v Gale, supra,* at 535; *Mueller v Funk,* 84 AD2d 533; *Matter of Knickerbocker Field Club v Site Selection Bd.,* 41 AD2d 539, 540; *see also, American Sugar Ref. Co. v Waterfront Commn.,* 55 NY2d 11, 25, *appeal dismissed sub nom. New York Shipping Assn. v Waterfront Commn.,* 458 US 1101).

In light of both of these errors by plaintiff in obtaining the default judgment, we conclude that the judgment must be vacated so as to permit defendant to appear at an inquest and contest damages *(see, Reynolds Sec. v Underwriters Bank & Trust Co., supra,* at 571-573; *Albert I. Lonstein, P. C. v Seeman, supra).* Defendant, however, contends that he is entitled to be relieved of his default solely on the basis of these errors (citing *Natemeier v Heim,* 81 AD2d 1008; *Union Natl. Bank v Davis,* 67 AD2d 1034; *Woodstock Lake Assn. v Pleasure Crest Corp.,* 65 AD2d 867; *Geer, Du Bois & Co. v Scott & Sons Co.,* 25 AD2d 423, 424). While recognizing that there is some ambiguity in the case law, we reject defendant's contention on the ground that the effect of such a rule would be to afford defendant greater relief than he would be entitled to if no judgment had yet been entered *(cf., Guido v New York Tel. Co.,* 133 AD2d 1005; *Klenk v Kent,* 103 AD2d 1002). Accordingly, Supreme Court properly considered whether defendant had demonstrated both a meritorious defense and a valid excuse for the default under CPLR 5015 (a) (1) *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.04).

Defendant contends that his default should be excused since it was due to the law office failure of his prior counsel. In his

affidavit in support of his motion to vacate, defendant acknowledges receipt of the summons with notice upon the commencement of the action and states that he gave these papers to the corporation's attorney. He further avers that thereafter he believed that the attorney "was defending this action and, although other documents and papers were received by me, they were not fully comprehended and simply forwarded to [the attorney] for action". It is apparent from the record and defendant's own averments that he was given notice of the progression of the action against him, including notice of the prospective entry of a default judgment (see, CPLR 3215 [f] [3] [i]). Defendant, however, does not state in his affidavit that he ever made inquiries of his attorney regarding the status of the litigation, nor are there any other averments revealing the basis for his belief that the attorney was defending him in the action. Thus, in our view, defendant has failed to demonstrate that he "might justifiably have believed his interests were being protected when in fact, they were not" (Clark v Sherwood, 117 AD2d 973). Since defendant has not satisfied the requirement of a legally excusable default, we need not address the sufficiency of defendant's affidavit of merit. Therefore, the only relief defendant is entitled to is a reopening of the judgment and an opportunity to contest damages at the inquest (see, Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568; supra; Albert I. Lonstein, P. C. v Seeman, 112 AD2d 566, supra).

We also deem it proper that, pending the final disposition of this action, the judgment remain as security with a stay of execution also in effect (see, Reynolds Sec. v Underwriters Bank & Trust Co., supra; but see, Geer, Du Bois & Co. v Scott & Sons Co., 25 AD2d 423, supra; see generally, 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.14).

Order modified, on the law, without costs, by vacating the default judgment against defendant Harold F. Sherman; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision and, pending final disposition of the action, the judgment shall continue to stand as security, with execution thereof stayed; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.