OPINION OF THE COURT
Memorandum.
Appeal from decision dismissed. No appeal lies from a decision (see UDCA 1702).
Order modified by providing that the branch of the motion by defendant Patricia Smith, also known as Patricia Bilmus, seeking to vacate the default judgment is granted; as so modified, affirmed without costs, and matter remanded to the court below for further proceedings in accordance with the decision herein.
Plaintiff commenced this action for breach of contract against defendant Patricia Smith, also known as Patricia Bilmus (appellant), and two codefendants for the amount allegedly due on a contract to install windows, vinyl siding and a roof at the premises in which appellant resided. After appellant failed to appear or answer, plaintiff obtained a default judgment against her in the principal sum of $14,000 by application to the clerk of the court, pursuant to CPLR 3215 (a). Judgment was entered in August of 2003. Subsequently, in January of 2006, appellant moved, inter alia, to vacate the default judgment, claiming that she had never been served with the summons and complaint. The court below set the matter down for a traverse hearing to determine if personal jurisdiction had been obtained over appellant. Following the hearing, the court declined to vacate the default judgment, finding that appellant had in fact been properly served and that personal jurisdiction had therefore been obtained over her. In addition, the court found that appellant neither established a reasonable excuse for the default nor a meritorious defense. The instant appeal ensued, appellant contending that it was error for the court below to find that there was personal jurisdiction over her, and that there were various defects in the papers submitted to the clerk of the court in support of the application to enter a default judgment, which warranted vacatur of the judgment. In addition, appellant contends that vacatur is warranted in light of the circumstances of this case, because the clerk did not have the authority to *96 enter a judgment where the amount plaintiff sought to recover was not a “sum certain” (CPLR 3215 [a]).
We are in agreement with the determination of the court below that plaintiff met its burden of demonstrating that appellant was properly served with the summons and complaint and that there was therefore no basis to vacate the default judgment upon the ground of lack of personal jurisdiction (see CPLR 5015 [a] [4]), and we further agree that appellant proffered neither a reasonable excuse for her failure to appear or answer nor a meritorious defense. However, we find that the record reveals that the default judgment was erroneously entered by the clerk in the first instance, and we therefore vacate the default judgment and remand the matter to the court below to permit plaintiff an opportunity to apply for a default judgment before the court (CPLR 3215 [b]).
CPLR 3215 (f) provides that when a defendant has failed to appear or answer, plaintiff, upon the application for a default judgment, must file proof of service of the summons and the complaint, proof “by affidavit made by the party” of the “facts constituting the claim, the default and the amount due,” and, where required, proof of mailing of a notice pursuant to CPLR 3215 (g). If the plaintiffs claim is “for a sum certain or for a sum which can by computation be made certain,” application may be made to the clerk who, “upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint. . . plus costs and interest” (CPLR 3215 [a]).
A defendant’s default does not, however, give rise to a “mandatory ministerial duty” to enter a default judgment against it (Gagen v Kipany Prods., 289 AD2d 844, 846 [2001]). Rather, a plaintiff must support its motion for a default judgment with “enough facts to enable [the clerk or the] court to determine that a viable cause of action exists” (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). Moreover, where application is made to the clerk, i.e., in cases where the claim is “for a sum certain or for a sum which can by computation be made certain,” entry of judgment by the clerk is authorized only where there can be no reasonable question about the amount of the judgment (see Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.04 [2d ed]), such as actions upon money judgments or negotiable instruments (see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568 [1978]). Even where a viable cause of action exists, if the damages sought cannot be readily ascertained without resort to extrinsic proof, entry of judgment *97 by the clerk is improper {id. at 573). In our opinion, plaintiffs submissions on the default application were insufficient to warrant entry by the clerk. The complaint sought $5,500 for the first cause of action and $14,000 for the second cause of action. Our review of the record reveals that while the contract provided for payment of a total of $14,000 for the purchase and installation of windows, vinyl siding and roof, there is no indication in the record that any work was done for the portion of the contract which provided for installation of the windows, vinyl siding and roof. Accordingly, the damages sought by plaintiff were not readily ascertainable without resort to extrinsic evidence, and it was therefore error for the clerk to enter a default judgment.
Despite appellant’s failure to raise this issue before the court below, we may consider this argument made for the first time on appeal because it presents an issue of law which is apparent upon the face of the documents in the record and would have been irrefutable by plaintiff had it been raised in the court below at the proper juncture (see Verde Elec. Corp. v Federal Ins. Co., 50 AD3d 672 [2008]; Hann v Morrison, 247 AD2d 706 [1998]; Woodward v Eighmie Moving & Stor., 151 AD2d 892 [1989]; Mueller v Funk, 84 AD2d 533 [1981]). However, since appellant did not demonstrate that her default was excusable or that she had a meritorious defense, the only relief to which she is entitled is a vacatur of the judgment and an opportunity to contest damages at an inquest (see Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568 [1978], supra; Woodward v Eighmie Moving & Stor., 151 AD2d 892 [1989], supra), without opening her default and allowing her to answer.
Accordingly, the order is modified, that branch of appellant’s motion seeking to vacate the default judgment is granted, and the matter is remanded to the court below for further proceedings in accordance with this decision.
Rudolph, RJ., McCabe and Tanenbaum, JJ., concur.