City Chiropractic, P.C., as Assignee of Isabel Perez, Respondent, 
against
Global Liberty Ins. Co. of New York, Appellant. 




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Rosemarie Montalbano, J.), entered May 24, 2018. The judgment, entered upon defendant's default in appearing for trial on April 28, 2017, and upon an order of that court entered May 8, 2018 denying defendant's motion to open its default, awarded plaintiff the principal sum of $4,319.29.




ORDERED that the appeal is dismissed except insofar as it brings up for review the order entered May 8, 2018; and it is further,
ORDERED that the judgment, insofar as reviewed, is reversed, without costs, the order entered May 8, 2018 is vacated and defendant's motion to open its default in appearing for trial is granted.
In this no-fault action, a default was taken against defendant on April 28, 2017, because counsel appearing on defendant's behalf, The Law Office of Jason Tenenbaum, P.C., was not the attorney of record and the court determined that counsel had not established "that it represents the [defendant] pursuant to the CPLR," and, thus, that defendant had failed to appear. Defendant, represented by the same counsel, subsequently moved to open the default. It submitted, among [*2]other things, a Supreme Court order of substitution entered May 4, 2017 and a notice of appearance dated April 24, 2017, which lists The Law Office of Jason Tenenbaum, P.C. as the attorney appearing for defendant. By order entered May 8, 2018, the Civil Court (Rosemarie Montalbano, J.) denied defendant's motion, stating that defendant had "failed to establish a reasonable excuse for failing to have its incoming counsel produce for the court proper proof of its legal representation of defendant." A judgment was entered on May 24, 2018, awarding plaintiff the principal sum of $4,319.29. 
Although no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511), an appeal from such a judgment brings up for review those matters which were the subject of contest below (see James v Powell, 19 NY2d 249, 256 n 3 [1967]), which, in this case, was the order entered May 8, 2018 denying defendant's motion. 
Prior to the April 28, 2017 court date, on which the trial was scheduled to begin, defendant had made two different attempts to effect a substitution of counsel. It filed an application in the Supreme Court to have an order of substitution executed. It also attempted to move in the Civil Court, by order to show cause (OSC), to stay the trial pending the determination of the Supreme Court application or, in the alternative, for the Civil Court to make the substitution. Defendant submitted, in support of each application, a November 14, 2016 affidavit executed by Richard Dowd, who identified himself therein as defendant's claim manager. Dowd listed four firms, including defendant's former counsel of record in this case, that had previously handled no-fault cases for defendant. Dowd stated that those firms had all been disbanded prior to January of 2016 and that the files previously handled by those firms were all being handled by The Law Office of Jason Tenenbaum, P.C. and another named firm. He further stated that "[w]e hereby consent to The Law Office of Jason Tenenbaum, P.C. and [the other firm] to handle all of the files that above counsel handled, where a Notice of Appearance is filed with the Court." Defendant also submitted, in support of its Civil Court motion, the April 24, 2017 notice of appearance. 
The Civil Court refused to sign the OSC. In court on April 28, 2017, an associate with The Law Office of Jason Tenenbaum, P.C. sought an adjournment or a substitution on the same grounds laid out in the proposed motion, which oral application was denied. However, the Supreme Court granted defendant the requested relief by order entered May 4, 2017. The order of substitution, the validity of which has not been questioned, states that it is "ordered and adjudged that [T]he Law Office of Jason Tenenbaum, P.C. or [the other firm], upon Filing a Notice of Appearance is substituted in the stead" of [the disbanded firms] for all no-fault cases involving Global Liberty Insurance Co. of New York." 
CPLR 321 (b) permits the change or withdrawal of an attorney, insofar as is relevant here, by the filing of a consent to change attorney signed by the retiring attorney or by motion on such notice as the court may direct. Defendant did not strictly comply with CPLR 321 (b) (1), regarding a consent to change attorney, because the retiring attorney was a firm that no longer existed. Defendant was unable to comply with CPLR 321 (b) (2), regarding a motion, because [*3]the Civil Court declined to sign its OSC prior to the trial. Under the circumstances, including the presentation of the Dowd affidavit and notice of appearance to the court before defendant was held to be in default, and the order of substitution entered by the Supreme Court soon after defendant was held to be in default, defendant's failure to comply with CPLR 321 (b) does not justify the entry of a default judgment (cf. EIFS, Inc. v Morie Co.,298 AD2d 548 [2002]; Tillman v Mason,193 AD2d 666 [1993]; Juers v Barry, 114 AD2d 1009 [1985]). Thus, we grant defendant's motion to open its default in the "interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; cf. also PDQ Aluminum Prods. Corp. v Smith,20 Misc 3d 94 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).
Accordingly, the judgment, insofar as reviewed, is reversed, the order entered May 8, 2018 is vacated and defendant's motion to open its default in appearing for trial is granted. 
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019