SYRACUSE MORTGAGE CORPORATION, Plaintiff, *v.* JESSE S. KEPLER and Another, Defendants.

Supreme Court, Onondaga Special Term, December, 1923.

**Depositions — examination before trial — taking of testimony will not be permitted where sole object is to prevent surprise — notice of examination before trial of defendant who was in default to enable plaintiff to determine partnership liabilities improper — when motion to vacate notice under Civil Practice Act will be granted.**

Unless a statute clearly authorizes it, the taking of testimony by deposition with the sole object of putting the parties in possession of the facts of the case in order to prevent surprise, will not be permitted.

In an action to recover a judgment upon the theory that the two defendants were partners, one of them served an answer denying the partnership. Plaintiff served a notice for the examination before trial of the other defendant, who was in default, pursuant to sections 288 and 290 of the Civil Practice Act, designating among other matters upon which he was to be examined whether or not the defendants were partners during the period mentioned in the complaint, and as to the particulars of the various transactions alleged as the basis of the cause of action sued upon, in order to determine whether they were partnership liabilities. *Held*, that a motion under section 291 of the Civil Practice Act to vacate the notice for said examination on the ground that said defendant was not an " adverse party " within the meaning of that term as

Supreme Court, December, 1923.                    [Vol. 122

used in section 288 of the Civil Practice Act, and that none of the circumstances permitting the examination of any other person is presented, will be granted.

The notice for said examination not having been addressed to the answering defendant or to his attorneys, neither of whom so far as appeared had notice thereof, the taking of the testimony would be but an idle ceremony so far as its use by plaintiff at the trial was concerned and can be no more than a "fishing excursion" which should not be allowed even under the new practice.

MOTION to vacate notice to examine defendant before trial.

*Bailey, Oot & Ryan*, for defendant, for motion.

*Costello, Cooney & Fearon*, for plaintiff, opposed.

CHENEY, J. This action is brought to recover a judgment against the two defendants upon the theory that they were partners when the liability was incurred. The defendant Jesse S. Kepler has answered denying the copartnership. Defendant Milton O. Kepler has not answered, but is in default. Plaintiff has served notice for the examination of defendant Milton O. Kepler before trial, pursuant to sections 288 and 290 of the Civil Practice Act, the notice designating, among other matters upon which said defendant was to be examined, whether or not the defendants Jesse S. Kepler and Milton O. Kepler were copartners during the period mentioned in the complaint and as to the particulars of the various transactions alleged as the basis of the cause of action sued upon in order to determine whether or not they were copartnership liabilities.

Defendant Milton O. Kepler moves to vacate the notice under section 291 of the Civil Practice Act upon the ground that he is not an adverse party within the meaning of that term as used in section 288 of the Civil Practice Act, and that none of the circumstances permitting the examination of any other person are present in this case.

It is also urged that the defendant Milton O. Kepler was not served with a subpœna requiring his attendance as required, in the case of a witness at any rate, by section 299 of the Civil Practice Act. It is probably true that the attendance of a witness to be examined before trial cannot be compelled without the service of a subpœna, any more than his attendance at the trial could be, but whether the double service of notice and subpœna is required for the examination of an adverse party is not yet settled by authority. It is intimated in *Norman Oil Corporation* v. *Bensabat*, 118 Misc. Rep. 398, that the failure to serve the subpœna renders the notice a nullity, but in *Bloch* v. *Guaranty Trust Co.*, 119 id. 832, the contrary view is expressed, and the party was put under a disability until he submitted to examination.

That, however, is of secondary importance, for if the first notice

is a nullity, it can be immediately followed by a new notice accompanied by a subpœna, and we would be met by a new motion in which the primary question must be determined, which is, what is the meaning of the term " adverse party," as used in section 288? The claim of the moving party is that as he has not answered, but is in default, no issues have been framed as to him, he is not such adverse party and that his testimony is neither material nor necessary in the prosecution of the action against him; that if his testimony is desired for the trial of the issues raised by the answer of his codefendant and for the prosecution of the action against such codefendant, it must be had in the ordinary way at the trial, unless the particular circumstances exist which permit of the examination of a witness before trial.

This question does not seem to have been passed upon by the courts since the adoption of the Civil Practice Act. This act lays down an entirely new practice in the matter of examinations before trial, the object and purpose of which is " to remove from proceedings of this character all procedural trammel, and to permit examination of adverse parties with as few restrictions as possible." *Buehler* v. *Bush*, 200 App. Div. 206. The changes relate more to the practice than to the substantive rules upon which the remedy is based. *Norman Oil Corporation* v. *Bensabat, supra.* Where the new act continues phrases from the old act, which it supersedes, that have been judicially construed, such cases are of value in determining the meaning of those phrases as used in the Practice Act. Section 288 of the Civil Practice Act provides that " any party to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of an adverse party." The former practice was contained in section 870 of the Code of Civil Procedure, which reads: " The deposition of a party to an action pending in a court of record  *  *  *  may be taken at his own instance or at the instance of an adverse party or of a coplaintiff or codefendant at any time before or during the trial."

In a case precisely like this where the real issue was as to whether a copartnership existed, it was held that under section 870 of the Code an examination could not be had of a defendant who by failure to answer had made default, at the instance of the plaintiff. *Sharp* v. *Hutchinson*, 48 N. Y. Super. Ct. (16 J. & S.) 101.

That this is the proper construction to be given to this phrase is emphasized by those cases which hold that an examination cannot be had until issue is joined. *Welsh* v. *Cowles Shipyard Co.*, 200 App. Div. 724; *Psaroudis* v. *Markowitz*, 201 id. 512; *N. London,*

**7**

*Inc.,* v. *Nassau Smelting & Refining Works,* 193 N. Y. Supp. 944. As no issues are framed against a defaulting defendant, he is no longer a party litigant and cannot be said to be an adverse party. I, therefore, hold that section 288 of the Civil Practice Act does not confer upon a plaintiff the right to take the testimony before trial of a defendant who has made default in answering, for the purpose of prosecuting the action against a codefendant who has answered, unless the circumstances are present which permit the examination of any person as a witness before trial.

It does not appear that notice of taking this deposition was given to the answering defendant. The notice is not addressed to him or to his attorneys. The taking of the testimony would be but an idle ceremony in so far as its use by the plaintiff at the trial is concerned (Civ. Prac. Act, § 303), and can be no more than a " fishing excursion," which should not be allowed even under the new practice.

The primary purpose of taking depositions is for use as testimony at the trial, and while it has a secondary use in putting the parties in possession of the facts of the case and thereby prevent surprise at the trial, when it appears that such is its sole object, it should not be permitted unless the statute clearly authorizes it.

The motion to vacate the notice of taking of testimony is granted, with costs.

Ordered accordingly. _____