OPINION OF THE COURT
 

 Fuchsberg, J.
 

 The issue on this appeal, seemingly commonplace but a source of more controversy than one would expect, is whether, under the facts in this case, a default judgment, obtained as a result of a willful refusal to comply with discovery orders, was properly entered for the full amount of the
 
 ad damnum
 
 without the holding of an inquest to assess the damages.
 

 On three separate occasions, the defendant, Andre Rostworowski, placed an order with the plaintiff, Reynolds Securities, Inc., a national brokerage firm, to sell shares of a particular stock for his account. Though notified that the sales had been
 
 *571
 
 executed, the specified settlement date came and went without Rostworowski’s having delivered the certificates for transfer to the buyers. In fact, he never did so. Consequently, approximately two months after the initial sale, plaintiff proceeded to "buy-in” the required securities in the open market. In the intervening time, the securities appreciated considerably. This action was thereafter brought to recover $21,768.61, presumably the difference between the money it had expended, inclusive of the brokerage commissions, to purchase the covering stock and the amounts it had received for the stock ordered sold by the defendant.
 

 After issue was joined and in personam jurisdiction unsuccessfully contested (51 AD2d 957), defendant willfully refused to comply with several discovery notices and four different court orders which directed him to appear for the taking of his deposition. As authorized by the last of these orders, upon a demonstration of defendant’s failure to attend on the appointed date, plaintiff obtained an ex parte order striking the answer and directing the entry of judgment for the full amount demanded in the complaint. No proof of the actual loss sustained was submitted, either in testimonial or affidavit form, in support of the award.
 

 Defendant thereupon moved to vacate the judgment, open the default and have the matter set down for an inquest at which the quantum of damages would be the subject of proof. Special Term denied the motion. The Appellate Division, in a single order, unanimously dismissed defendant’s appeal from the judgment, but affirmed on a companion appeal taken from the order denying the motion to vacate. We granted leave to appeal only from so much of the Appellate Division’s order as dismissed the appeal from the judgment.
 
 [1]
 
 (42 NY2d 1073.)
 

 Defendant does not, and indeed cannot successfully, quarrel with the order to the extent that it struck the answer and directed the entry of a default judgment on liability, for the court was more than eminently justified in following that
 
 *572
 
 course (CPLR 3126; cf.
 
 Laverne v Meehan,
 
 18 NY2d 635, app dsmd 386 US 682). Rather, he claims that the damages, not being liquidated, were not ascertainable without a hearing at which he could appear and offer evidence to contest the extent of plaintiff’s claimed loss. In particular, he asserts that plaintiff unduly delayed its purchase of the covering securities and thus failed to "promptly cancel or otherwise liquidate the transaction” as mandated by Federal Reserve Board Regulation T (12 CFR 220.4, subd [c], pars [2], [5]; cf.
 
 Matter of Naftalin & Co. v Merrill Lynch, Pierce, Fenner & Smith,
 
 469 F2d 1166).
 

 The entry of a default judgment against a defendant, though it be for noncompliance with a discovery order, is governed by CPLR 3215 (4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.02). Where the damages sought are for a "sum certain or for a sum which can by computation be made certain”, subdivision (a) of that section makes it permissible for the clerk, without notice to the defendant (subd [f]) and upon proof by the affidavit of a party setting forth the facts constituting the claim, the default and the amount due,
 
 [2]
 
 to enter judgment up to the amount demanded in the complaint. Otherwise, application to the court is required (CPLR 3215, subd [b]) and a defendant who has appeared is entitled to five days’ notice of the application (subd [f]), as well as a full opportunity to cross-examine witnesses, give testimony and offer proof in
 
 mitigation of
 
 damages (see
 
 McClelland v Climax Hosiery Mills, 252
 
 NY 347; Default — Damages—Notice and Hearing, Ann., 15 ALR3d 586, 607, § 5).
 

 The term "sum certain” in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments. Obviously, the clerk then functions in a purely ministerial capacity. (Cf.
 
 Ace Grain Co. v American Eagle Fire Ins. Co.,
 
 11 FRD 364, 365-366 [Weinfeld, J.], construing the analogous provisions of Fed Rules of Civ Pro, rule 55, subd [b] [US Code, tit 28, appendix].)
 

 In the present case, however, the damages sought cannot be determined without extrinsic proof, for the amount of plaintiff’s damages is not readily ascertainable without consideration of the reasonableness of the time which plaintiff
 
 *573
 
 permitted to elapse before making the covering purchase (see Uniform Commercial Code, §§ 2-712, 1-204, subd [2]; cf.
 
 Commercial Nat. Bank v Zimmerman,
 
 185 NY 210) and the correctness of the calculation of the commissions. It follows that the entry by the clerk was unauthorized and an inquest should therefore have been ordered
 
 (Hotel Syracuse v Brainard,
 
 256 App Div 1055; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3215:2, p 862; cf.
 
 Davis v Sisti,
 
 3 Misc 2d 132).
 
 [3]
 

 On remittal for that purpose, it is not to be assumed that defendant’s obligation to afford plaintiff the opportunity to pursue discovery terminated when the answer was stricken. Though, as a result of his default, the defendant has now forfeited his right to take the plaintiff’s deposition, it does not follow that plaintiff is to be handicapped in the proof of its damages by defendant’s prior defiance of orders, notices, or subpoenas calling for his production of records or the taking of his deposition (cf.
 
 Glens Falls Ins. Co. v Weiss,
 
 6 Misc 2d 729 [Matthew M. Levy, J.]).
 

 Thus, to anticipate the eventuality that the defendant may elect to proceed with his avowed intention to contest the damage issue by opposing proof, plaintiff, if it chooses to do so, may press its right to discovery in advance of the inquest, whether for direct use as evidence in proving its damages or for the procurement of information that may lead to such evidence.
 

 True, in the past it has been held that ordinarily an examination cannot be had of a party whose default has left no issues to be tried. Such testimony was not regarded as "material and necessary” to the prosecution of the action
 
 (Kozuch v Bachmann,
 
 244 App Div 250;
 
 Syracuse Mtge. Corp. v Kepler,
 
 122 Misc 95; cf.
 
 Erdenbrecher v Erdenbrecher,
 
 188 Misc 94 [Froessel, J.];
 
 Hodderson v Charles,
 
 124 NYS2d 467, authorizing an examination by treating the party as a witness with knowledge of special facts). Even if that rule retained its efficacy under more modern practice statutes (cf.
 
 Bearman v Bearman,
 
 28 AD2d 673), it cannot be applied where a defendant may intend to testify at an inquest or appears to possess highly pertinent evidence relevant to damages (see Jacobs,
 
 *574
 
 Examinations Before Trial, p 213; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, C3105:l, p 345).
 

 Moreover, if the defendant’s deposition or his response to subpoena is vital to plaintiff’s proof and the defendant holds to his prior course by refusing to obey orders or subpoenas, the plaintiffs rights should not have to hang on the compulsion to comply which may follow the possible exercise of the trial court’s powers of contempt against the defendant. Among other things* the defendant may then be precluded from offering any evidence at the inquest (CPLR 3126; cf.
 
 Brown v Hilton Hotels Corp.,
 
 25 AD2d 646;
 
 Burgin v Ryan,
 
 238 App Div 122).
 

 Beyond that, if the plaintiffs ability to prove his affirmative case with a fair degree of precision is seriously hampered by the defendant’s obstructiveness, the court, in order that a just result be achieved, is not without power, where necessary, to rely on lesser and more informal proofs. A defendant whose conduct has both caused injury to another and put obstacles in the path of the plaintiff’s recovery is hardly in a position to complain when, as a consequence, the damages cannot be established with exactitude (see
 
 Matter of Rothko,
 
 43 NY2d 305, 323;
 
 Bigelow v RKO Radio Pictures,
 
 327 US 251, 264-265; see, also,
 
 Randall-Smith v 43rd St. Estates Corp.,
 
 17 NY2d 99, 106, quoting
 
 Wakeman v Wheeler & Wilson Mfg. Co.,
 
 101 NY 205, 209).
 

 Accordingly, the order of the Appellate Division should be modified by remitting the matter to the Supreme Court, New York County, for the purpose of conducting an assessment as to damages and for other proceedings consistent herewith, with costs to plaintiff to abide the event. And, pending the final disposition of this action, the judgment affected by this decision should continue to stand as security (cf.
 
 Treitel v Arnold Chait, Ltd.,
 
 20 AD2d 711).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, and Cooke concur.
 

 Order modified and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed, with costs to plaintiff to abide the event. Pending final disposition of the action, the judgment shall continue to stand as security.
 

 [1]
 

 . An order dismissing an appeal is the functional equivalent of an affirmance for jurisdictional purposes (Cohen and Karger, Powers of the New York Court of Appeals, § 27, p 110). Contrary to plaintiffs protestations, which were necessarily rejected when we granted leave, we note that this appeal is not barred by CPLR 5511’s preclusion of appeals from default judgments (Cohen and Karger, Powers of the New York Court of Appeals, § 93, pp 401-403; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5511.11; cf.
 
 James v Powell,
 
 19 NY2d 249, 256, n 3).
 

 [2]
 

 . If a verified complaint has been served, it qualifies as an affidavit attesting to the claim and the amount due (CPLR 3215, subd [e]; see, also, CPLR 105, subd [s]).
 

 [3]
 

 . Since the complaint was unverified and no affidavit of facts underlying the claim was filed, the clerk should not have entered the judgment even if the case before us had been one for a "sum certain” (CPLR 3215, subds [a], [e];
 
 Grant Co. v Payne,
 
 64 Misc 2d 797, 799).