OPINION OF THE COURT
Theodore Diamond, J.
(1) This summons with indorsed complaint of September 18, for $12,256.96, etc., was served on defendant corporation by service on the Secretary of State (Sept. 24), and on its managing agent (Oct. 18).
(2) On December 14, plaintiff’s attorney served a notice of inquest with statement (of readiness) noticed for January 4, when it appeared on the Part 31 Calendar. At that time, plaintiff’s attorney asked to have it marked “Inquest, Clerk” rather than “Inquest, Court”. Which should it be? Plaintiff’s attorney advises that everyday, on call of the Part 31 or Arbitration Calendars, cases are marked “Inquest, Court” or “Inquest, Clerk”, based on an attorney’s application.
(3) Of course, if a case is erroneously marked “Inquest, Clerk”, the clerk’s office will return it to the Part 31 Calendar, without processing an improper inquest just because someone has so marked it. But we ought to have a better reason for doing things than that.
(4) CPLR 3215 (default judgment) applies. “If the plaintiff’s claim is for a sum certain or for a sum which can by reasonable computation be made certain, application may be made to the clerk * * * [t]he clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded” (CPLR 3215 [a]). The “proof” required is identified in CPLR 3215 (e), essentially proof of service of the summons and complaint, “and proof *960 by affidavit made by the party of the facts constituting the claim, the default and the amount due.”
(5) Is this a sum certain? The indorsed complaint states that plaintiff delivered goods and paid costs to defendant who was supposed to ship them, that defendant did not safeguard the goods and failed to make delivery as agreed, and that plaintiff lost goods “in the agreed sum and reasonable value of $12,256.96.”
(6) The cases and commentary under CPLR 3215 (a) suggests that “only the most liquidated and undisputable of claims” are appropriate for the clerk to enter judgment as a mere ministerial act. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1970-1984 Supp Pamph, CPLR C3215:2, p 445; Reynolds Sec. v Underwriters Bank & Trust Co., 44 NY2d 568 [1978].) This includes, but is not limited to, instruments for the payment of money, such as a lease or note, and an action on a judgment. At the other extreme are those matters which must be held before the court, such as personal injury, property damage and quantum meruit cases.
(7) Because defendant failed to answer the complaint, it has, in effect, admitted losing the goods and plaintiff is entitled to the value of the goods. Because plaintiff alleges the value was agreed upon by the parties, the amount can easily be determined by the clerk. Therefore, this matter is being referred to the judgment clerk for inquest on the first cause of action. However, plaintiff is required to submit an affidavit by a person with knowledge of the facts.
(8) The manner in which the value of the goods was agreed upon must be specified in the affidavit. If plaintiff does not submit such an affidavit, then the case shall be referred to the Part 31 Calendar for “Inquest, Court.”