■ ROBERT ROTHSTEIN, Respondent-Appellant, v MILGRAY LTD. et al., Appellants-Respondents, and ATLANTIS ELECTRONICS, LTD., Respondent-Appellant.—Resettled ·order, Supreme Court, New York County (Israel Rubin, J.), entered òn or about August 9, 1988, which, *inter alia,* granted the Milgray defendants counterclaimants' (defendants) motion for summary judgment dismissal of the complaint and for judgment upon their counterclaims and directed an assessment of damages on the counterclaims, and denied the cross motion by the counterclaim defendant to be relieved of a prior discovery-related sanctions order, unanimously affirmed, without costs.

Appeal from the order of said court and Justice entered on or about September 11, 1987 dismissed, as superseded by the appeal from the resettled order, without costs.

Defendants' alleged causes of action arise from breach by their former manager of his duty of loyalty to them while so employed, and his misappropriation of confidential information, corporate opportunities and property in connection with his departure from such employment and his establishment of a competing corporation. In February 1982, defendants served a notice of discovery and inspection pertaining to, *inter alia,* damage issues. Over a course of three years and through a

series of at least five rounds of motions, there was wholesale noncompliance, culminating in an order which resolved all issues to which the demands were relevant in defendants' favor for purposes of this action. Defendants then moved for summary judgment based upon this sanctions order and admissions as to liability made by plaintiff in his deposition. The court granted such motion, but reluctantly concluded an assessment of damages was necessary on constraint of *Reynolds Sec. v Underwriters Bank & Trust Co.* (44 NY2d 568).

We agree with the Supreme Court that defendants, having obtained summary judgment without proof of actual damages and upon a sanctions order entered upon their adversaries' noncompliance with discovery obligations, are required to proceed to an assessment of damages and are not entitled to entry of judgment in the full amount demanded by their pleading. *(Reynolds Sec. v Underwriters Bank & Trust Co., supra.)* Had the sanctions order stricken the adversaries' pleading pursuant to CPLR 3126 (3) or permitted counterclaimants to enter a default judgment in the full amount demanded by the pleading forthwith, it is conceded an assessment of damages would be required *(Amusement Business Underwriters v American Intl. Group,* 66 NY2d 878, 880; *Reynolds Sec. v Underwriters Bank & Trust Co., supra).* The nature of the CPLR 3126 (1) sanctions order, leading to the necessity of the intermediate step of counterclaimants' summary judgment motion in order to insure no factual issues remained even as to liability, does not warrant omission of the assessment stage or exclusive reliance on the ad damnum clauses in the pleading involving multiple elements of damages. In the assessment stage, the counterclaimant adversaries remain obligated to produce the demanded damage-related documents and upon any further failure to comply, further sanctions, including permitting counterclaims to establish damages on "lesser and more informal proofs" *(Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d, *supra,* at 574), may be imposed. In light of such remedies, we see little basis to depart from the Court of Appeals strong indication that CPLR 3215 governs the procedures for entry of judgment in cases such as this, where the finding of liability rests primarily upon the adversaries' failure to comply with disclosure orders in favor of a rule which would irrevocably recognize the ad damnum clauses as a basis for a final judgment. We have examined the other contentions of the parties and find them to be without merit. Concur—Kupferman, J. P., Asch, Wallach and Smith, JJ.