■ In the Matter of the Arbitration between ADRIENNE DEFELICE et al., Appellants, and ALICE WALLICE et al., Respondents. [609 NYS2d 780] —Order, Supreme Court, Suffolk County (John J.J. Jones, J.), entered October 18, 1991, which, insofar as appealed from, reduced an amended arbitration award from $41,500 to $12,500, unanimously modified, on the law and the facts, to grant judgment in favor of petitioner in the amount of $23,750, plus interest from August 14, 1990, with costs.

In reducing the arbitrators' award to $12,500, the IAS Court found that the $22,500 paid to petitioner was part of the 50% split brokerage commission and it thereby credited the $22,500 paid to petitioner in recalculating the arbitration award. However, the IAS Court neglected to take into account that the total commission was increased by $22,500 for a total of $117,000 rather than $94,500. Since the arbitrators determined that respondent had agreed to pay 50% of the total commission, the balance of petitioner's 50% share of the commission equals $23,500 (50% of $117,000 minus $35,000). In addition, petitioner is entitled to a $250 filing fee plus interest from August 14, 1990. Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.

■ TRANSIT GRAPHICS LTD., Respondent, v ARCO DISTRIBUTING, INC., Appellant. [608 NYS2d 442] —Order, Supreme Court, Nassau County (John R. O'Shaugnessy, J.), entered on or about February 3, 1992, which denied defendant's motion to vacate an order granting plaintiff summary judgment on default and judgment of same court and Justice entered on or about February 13, 1992, which adjudged that plaintiff recover a money judgment in the total amount of $39,693 from defendant, unanimously affirmed, with costs.

There was no basis to vacate the default since defendant failed to substantiate the law office failure claimed as the excuse for the default.

We also note that as the amount in dispute was a sum certain, there was no need for an inquest *(Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572). We have considered defendant's remaining issues and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross, Rubin and Williams, JJ.