■ CONESCO INDUSTRIES, LTD., Respondent, v TULLY CONSTRUCTION Co., INC., Appellant. [652 NYS2d 526] —In an action to recover damages for breach of contract, the defendant appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated March 14, 1995, as conditionally granted that branch of the plaintiff's motion which was to strike the defendant's answer unless the defendant appeared for a deposition on May 1, 1995, (2) an order of the same court, entered July 28, 1995, which granted the plaintiff's motion, upon the defendant's default in opposing that motion, (a) to strike the answer of the defendant upon its default in appearing for its deposition and (b) for leave to enter a money judgment, (3) a judgment of the same court, entered July 31, 1995, which is in favor of the plaintiff and against it in the principal sum of $89,933.67, and (4) so much of an order of the same court (Lockman, J.), entered September 28, 1995, as denied its motion to vacate (a) its default in opposing the plaintiff's motion to strike its answer and for leave to enter a money judgment and (b) the judgment entered thereon. Justice Copertino has been substituted for the late Justice Hart (22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated March 14, 1995, is dismissed; and it is further,

Ordered that the appeal from the order dated July 28, 1995, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see,* CPLR 5511); and it is further;

Ordered that on the appeal from the judgment the order

dated March 14, 1995, is affirmed insofar as reviewed and the appeal from the judgment is otherwise dismissed; and it is further,

Ordered that the order entered September 28, 1995 is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was to vacate the judgment entered on its default and substituting therefor a provision granting that branch of the defendant's motion only to the extent of directing an assessment of damages; as so modified, the order is affirmed insofar as appealed from and the matter is remitted to the Supreme Court, Nassau County, for an assessment of damages and for the entry of an amended judgment accordingly; and it is further,

Ordered that pending the assessment of damages and the entry of an amended judgment as aforesaid, the judgment entered July 31, 1995, shall continue to stand as security, with execution thereof stayed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order dated March 14, 1995, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see, James v Powell,* 19 NY2d 249; CPLR 5501 [a] [1]).

Although the judgment entered July 31, 1995, was entered upon the defendant's default, appellate review of the order dated March 14, 1995, is not precluded since the defendant opposed the plaintiff's motion which resulted in that order (*see, James v Powell,* 19 NY2d 249, 256, n 3, *supra*). On review we conclude that the Supreme Court did not improvidently exercise its discretion in conditionally granting the plaintiff's motion to strike the defendant's answer.

Since the plaintiff failed to submit sufficient proof of damages and the damages are not for a sum certain which "in this context contemplates a situation in which * * * there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments" (*Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572), the appellant is entitled to an inquest as to the amount of damages it owes (*see, Reynolds Sec. v Underwriters Bank & Trust Co., supra,* at 572-573). Accordingly, the defendant must be permitted to appear at an inquest and contest the amount of damages demanded by the plaintiff (*see, Reynolds Sec. v Underwriters Bank & Trust Co., supra; Woodward v Eighmie Moving & Stor.,* 151 AD2d 892).

The Supreme Court did not improvidently exercise its discretion in otherwise denying the defendant's motion to vacate its default in opposing the plaintiff's motion to strike its answer inasmuch as the defendant failed to establish a reasonable excuse for its default *(see, Reynolds Sec. v Underwriters Bank & Trust Co., supra; Woodward v Eighmie Moving & Stor., supra)*. Miller, J. P., Copertino, Altman and Goldstein, JJ., concur.