STATE OF MAINE
AROOSTOOK, ss

SUPERIOR COURT
LOCATION: CARIBOU
DOCKET NO.: CARSC-CV-2021-018

Stephen W. Adams,                   )
                                    )
              Plaintiff             )        ORDER ON DEFENDANT'S
                                    )        MOTION TO SET ASIDE
v.                                  )        DEFAULT JUDGMENT
                                    )
                                    )
                                    )
Sheldon Corey,                      )
                                    )
              Defendant             )

Defendant has filed a motion for relief from judgment pursuant to M.R.CIV.P. 55(c). The court has reviewed the motion and the objection thereto filed by Plaintiff. The court determines that no hearing is necessary on the motion.

A party who moves for relief from a judgment bears "the burden of producing competent evidence to support [the] motion." *Foley v. Adam*, 638 A.2d 718, 719 (Me. 1994). Generally, a motion to set aside a default judgment should be granted when a Defendant can demonstrate that he had both (1) a good excuse for the default occurring; and (2) a meritorious defense to the action. Charles Harvey, 2 *Maine Civil Practice* §55:7, p. 206-207 (2013-14 ed). The Defendant has failed to set forth any allegations to support a claim of either a good excuse for the default occurring or a meritorious defense to the action.

Defendant's motion, to the extent it requests that the entry of default be set aside, is **DENIED**.

The thrust of the Defendant's motion relates to the issue of whether the complaint is for a "sum certain". "Because the clerk has no power to enter a judgment for an amount which is not a sum certain or which cannot be made certain by computation, any judgment so entered is void." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193, (citing, *Arekay Realty Group v. Lievi*, 595 A.2d 1036, 1037 (Me. 1991)).

"The term 'sum certain' has been held to have a meaning similar to 'liquidated amount.' See, generally 47 Am. Jur. 2d Judgments § 1157 (1969). 'A claim is liquidated when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law.' *Hallett Constr. Co. v. Iowa State Highway Comm'n*, 258 Iowa 520, 139 N.W.2d 421, 426 (1966). The term 'sum certain,' therefore, contemplates a situation where the amount due cannot be disputed. See *Reynolds Sec., Inc. v. Underwriters Bank*, 44 N.Y.2d 568, 406 N.Y.S.2d 743, 378 N.E.2d 106, 109 (1978). Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *Id.*

Although Plaintiff's complaint contains a concise itemized statement of the damages claimed, "[t]he itemization of dollar amounts is not sufficient to achieve sum-certain status when an item is as broad as "consequential damages . . . of travel, lodging and increased supervision" or 'financial loss . . . to secure substitute performance of the contract.'" *Maroon Flooring, Inc. v. Austin*, 2007 ME 75, P13, 927 A.2d 1182, 1185.

Here, the damages include not only estimates, but also financial loss to secure substitute performance of the contract where Plaintiff contends the Defendant was in breach. *See, Complaint at* ¶¶*7(a) and 11.*

The court finds that the complaint is not for a sum certain. The Defendant's motion for the judgment to be set aside is **GRANTED**. Therefore, the Judgment is hereby **set aside** and **vacated as void.**

The matter shall be scheduled for a telephonic pretrial conference in advance of the hearing on the sole issue of damages.

Pursuant to Rule 79(a) of the Maine Rules of Civil Procedure, the Clerk is directed to enter this Order on the Civil Docket by notation incorporating it by reference.

Dated: 10/18/2021

_____
Maine Superior Court

ENTERED ON THE DOCKET ___10|19|21.___