| **Board of Mgrs. of the Hampton House Condominium v IPark U, Inc.** |
|:---:|
| 2024 NY Slip Op 31187(U) |
| April 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158771/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARY V. ROSADO**                PART                **33M**

*Justice*

---------------------------------------------------------------X

BOARD OF MANAGERS OF THE HAMPTON HOUSE
CONDOMINIUM

INDEX NO.              158771/2021

                                                              MOTION DATE          12/19/2023

                                        Plaintiff,

                                                              MOTION SEQ. NO.          002

- v -

IPARK U, INC.,                                     **DECISION + ORDER ON
                                                          MOTION**

                                        Defendant.

---------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 25, 27, 30, 32, 33, 34, 35, 36, 37

were read on this motion to/for              STRIKE PLEADINGS              .

Upon the foregoing documents, there being no opposition and good cause having been shown, Plaintiff Board of Managers of the Hampton House Condominium's ("Plaintiff") December 19, 2023 motion for an Order striking Defendant IPark U, Inc's ("Defendant") December 13, 2021 Answer (NSYCEF Doc. 35) and granting default judgment against Defendant and in favor of Plaintiff for the relief sought in Plaintiff's Verified Complaint (NYSCEF Doc. 34) is granted.

## I.     Background

Pursuant to the May 13, 2023 Preliminary Conference Order Plaintiff and Defendant were directed to serve any demands for discovery and inspection on or before July 15, 2023, and to serve responses to those demands "as per CPLR" (NYSCEF Doc. 24). Subsequently, Plaintiff filed a Notice of Demand for Discovery and Inspection on July 24, 2023 (NYSCEF Doc. 36). Pursuant to CPLR 3120(2), Defendant's response to Plaintiff's Discovery and Inspection Notice was to be served along with any responsive documents on or before August 14, 2023. After Defendant failed

**158771/2021   BOARD OF MANAGERS OF THE HAMPTON HOUSE CONDOMINIUM vs. IPARK U,**          **Page 1 of 5**
**INC.**
**Motion No. 002**

1 of 5

to respond to Plaintiff's Discovery and Inspection Notice by August 14, 2023, Defendant sent Plaintiff good faith emails on August 15, 2023 and August 16, 2023 seeking a response to the Discovery and Inspection Notice (NYSCEF Doc. 33 at 3). Plaintiff did not respond to either of Defendant's August emails (NSYCEF Doc. 33 at 3).

Subsequently, a Compliance Conference Order dated September 20, 2023 ordered Defendant, *inter alia*, to respond to Plaintiff's July 24, 2023 Discovery and Inspection Notice by October 20, 2023 (NYSCEF Doc. 27). Despite this Order, Defendant did not serve any response to the Discovery and Inspection Notice on or before October 20, 2023 (NYSCEF Doc. 33 at ¶ 9).

On October 24, 2023 Plaintiff's counsel sent another email to Defendant's counsel seeking a response to Plaintiff's Discovery and Inspection Notice, and if a response was not received that Plaintiff would seek to schedule a pre-motion discovery conference (NYSCEF Doc. 33 at ¶ 9).

On November 1, 2023, Plaintiff filed a request for leave to file a discovery motion in this action (NYSCEF Docs. 28-29). On November 3, 2023, the Court issued a Decision and Order conditionally granting Plaintiff leave to make a discovery motion in the event that Defendant "fails to file a response to Plaintiff's First Notice of Demand for Discovery and Inspection, dated July 24, 2023…by December 1, 2023" (NYSCEF Doc. 30).

To date, Defendant has failed to provide any response to Plaintiff's Discovery and Inspection Notice. Accordingly, Plaintiff commenced the instant motion on December 19, 2023 seeking an Order striking Defendant's December 13, 2021 Answer (NSYCEF Doc. 35) and granting default judgment against Defendant and in favor of Plaintiff for the relief sought in Plaintiff's Verified Complaint (NYSCEF Doc. 34). Defendant has not filed any opposition to Plaintiff's motion.

*[The remainder of this page is intentionally left blank]*

158771/2021   BOARD OF MANAGERS OF THE HAMPTON HOUSE CONDOMINIUM vs. IPARK U, INC.        Page 2 of 5
Motion No. 002

2 of 5

[* 2]

## II.     Discussion

### A. Plaintiff's Motion to Strike Defendant's Answer and Enter Default Judgment against Defendant, is Granted

CPLR 3126(3) authorizes a court to strike pleadings where a party "refused to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." The First Department has held that the repeated violation of discovery orders constitutes a pattern of noncompliance giving rise "to an inference of willful and contumacious conduct" warranting the imposition of sanctions pursuant to CPLR 3126 (*Cooper v Metropolitan Transp. Auth.*, 186 AD3d 1150 [1st Dept 2020]).

Here, Defendant has failed to provide the discovery ordered by the May 13, 2023 Preliminary Conference Order (NYSCEF Doc. 24), the September 20, 2023 Compliance Conference Order (NYSCEF Doc. 27) and the Decision and Order dated November 3, 2023 (NYSCEF Doc. 30), and failed to respond to no less than three good faith letters sent by Plaintiff's counsel. In light of the foregoing, Defendant is held in default, and its answer is stricken.

### B. Entry of Default Judgment against Defendant for the Relief Requested in Plaintiff's Complaint is Proper

It is well settled that "[w]hen an answer is stricken and a default entered, the defendant 'admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages'…unless the damages are for a sum which can be made certain by computation" (*Curiale v Adra Ins. Co.*, 88 NY2d 268, 279 [1996] quoting *Rokina Optical Co. v Camera King, Inc.*, 63 NY2d 728, 730 [1984]). The Court of Appeals has held that the term "sum certain" "contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and

**158771/2021   BOARD OF MANAGERS OF THE HAMPTON HOUSE CONDOMINIUM vs. IPARK U, INC.**
**Motion No. 002**

**Page 3 of 5**

3 of 5

[* 3]

negotiable instruments" (*Reynolds Secur., Inc. v Underwriters Bank & Trust Co.* 44 NY2d 568, 572 [1978]).

Here, the Court finds that Plaintiff's Complaint seeks a monetary judgment of $200,000.00 with prejudgment interest (NYSCEF Doc. 34 at ¶ 13). In accordance with the above outlined criteria, the $200,000.00 sum sought by Plaintiff constitutes a sum certain. Accordingly, an inquest is not needed, and Plaintiff's motion for a judgment on default in the sum of $200,000.00, with prejudgment interest, is granted against Defendant.

Accordingly, it is hereby,

ORDERED that Plaintiff Board of Manager of the Hampton House Condominium's December 19, 2023 motion for an Order striking Defendant IPark U, Inc.'s December 13, 2021 Answer and granting a default judgment against Defendant and in favor of Plaintiff for the relief sought in Plaintiff's Verified Complaint, is granted; and it is further

ORDERED that Plaintiff Board of Manager of the Hampton House Condominium's motion for a money judgment on default against Defendant IPark U, Inc. is granted in the amount of $200,000.00, plus statutory interest from September 24, 2021 (the commencement of this action) through entry of judgment, as calculated by the Clerk of the Court, together with costs and disbursements as taxed by the Clerk of the Court upon submission of an appropriate bill of costs; and it is further

ORDERED that within ten (10) days of entry, counsel for Plaintiff Board of Manager of the Hampton House Condominium shall serve a copy of this Decision and Order, with notice of entry, upon Defendant IPark U, Inc.; and it is further

*[The remainder of this page is intentionally left blank]*

158771/2021  BOARD OF MANAGERS OF THE HAMPTON HOUSE CONDOMINIUM vs. IPARK U, INC.
Motion No. 002

Page 4 of 5

4 of 5

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 4/8/2024 | | | | | | *May V Rosado JSC* | |
|:---:|:---:|:---:|:---:|:---:|:---:|:---:|:---:|
| **DATE** | | | | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | x | CASE DISPOSED | | | | NON-FINAL DISPOSITION | |
|:---|:---:|:---|:---:|:---|:---:|:---|:---:|
| | x | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158771/2021   BOARD OF MANAGERS OF THE HAMPTON HOUSE CONDOMINIUM vs. IPARK U,**  Page 5 of 5
**INC.**
**Motion No.  002**

5 of 5