| Eighteen Harrison Mgt. LLC v Gruppo 5 Subpartners Inc. |
|:---:|
| 2024 NY Slip Op 31869(U) |
| May 16, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656790/2022 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  <u>HON. EMILY MORALES-MINERVA</u>      PART           42M

<i>Justice</i>

--------------------------------------------------------------------X

EIGHTEEN HARRISON MANAGEMENT LLC

Plaintiff,

- v -

GRUPPO 5 SUBPARTNERS INC.,

Defendant.

--------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656790/2022 |
| MOTION DATE | 04/09/2024 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95

were read on this motion to/for _____JUDGMENT - DEFAULT_____ .

APPEARANCES:

Reinhardt Savic Foley LLP, New York, New York (Stefan Savic, Esq., of counsel) for plaintiff.


HON. EMILY MORALES-MINERVA:

In this action for, among other things, breach of contract,

EIGHTEEN HARRISON MANAGEMENT LLC ("plaintiff") moves, by notice

of motion dated April 9, 2024, for leave to enter a default

judgment against GRUPPO 5 SUBPARTNERS INC., ("defendant") in the

amount of $724,634.94, together with costs and interest.

Defendant submits no opposition to this motion.

For the reasons set forth below the court grants the

motion.

656790/2022   EIGHTEEN HARRISON MANAGEMENT LLC vs. GRUPPO 5 SUBPARTNERS INC.          Page 1 of 6
Motion No. 006

1 of 6

## BACKGROUND

Plaintiff EIGHTEEN HARRISON MANAGEMENT LLC entered into AIA Standard Form Agreement ("contract") with defendant GRUPPO 5 SUBPARTNERS INC., to complete a residential construction project ("Project") on or about August 7, 2019. On June 14, 2022, Plaintiff filed a compliant alleging, breach of contract, unjust enrichment, common law indemnification, contractual indemnification, negligence, and breach of fiduciary duty, all in connection with the Project.

On July 18, 2022, defendant appeared in this action, through counsel, and filed an answer to plaintiff's complaint. Since then, the Court (Hon. N. Bannon J.S.C.) has scheduled two status conferences whereby the defendant failed to appear (see NY St Cts Elec Filing [NYSCEF] Doc No. 45, Status Conference Order, and NY St Cts Elec Filing [NYSCEF] Doc No. 47, Status Conference Order). As a result of defendant's failure to appear at the second status conference, the court "ORDERED that defendant Gruppo 5 Subpartners Inc., is held in default and its answer is stricken pursuant to 22 NYCRR 202.27" (see NY St Cts Elec Filing [NYSCEF] Doc No. 47, Status Conference Order).

By notice of motion (sequence number 005), dated February 15, 2024, plaintiff moved, pursuant to CPLR 3215, for an order granting it a default judgment against defendant. The Court

**656790/2022  EIGHTEEN HARRISON MANAGEMENT LLC vs. GRUPPO 5 SUBPARTNERS INC.**          **Page 2 of 6**
**Motion No.  006**

[* 2]

denied said motion without prejudice to renewal within 30 days. The Court reasoned that plaintiff failed to satisfy the additional service requirements on a defendant corporation pursuant to CPLR 3215(g)(4)(ii) (see Decision and Order, dated March 12, 2024 [E. Morales-Minerva J.S.C]).

Within 30 days of the denial of plaintiff's motion (sequence number 005), plaintiff filed the instant motion (sequence number 006), seeking an order granting them a default judgment. No defendants have appeared or submitted any opposition to the subject application.

ANALYSIS

A proponent for a default judgment must provide proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the default (CPLR 3215 [f]; see also Gordon Law Firm, P.C. v Premier DNA Corp., 205 AD3d 416, 416 [1st Dept 2022]). Moreover, to plead breach of contract, the proponent must allege: (1) the existence of a contract, (2) the plaintiffs' performance under the contract, (3) the defendants' breach of that contract, and (4) resulting damages (see Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445 [1st Dept. 2016]).

656790/2022  EIGHTEEN HARRISON MANAGEMENT LLC vs. GRUPPO 5 SUBPARTNERS INC.          Page 3 of 6
Motion No.  006

3 of 6

Plaintiff has satisfied each of these elements to establish entitlement to a default judgment.

First, Plaintiff has provided sufficient evidence to confirm defendant was properly served, and that the service defects in Motion Sequence 005 have been rectified in compliance CPLR 3215(g) and Business Corporation Law 303(b) (see NY St Cts Elec filing [NYSCEF] Doc No. 93, Affidavit of Brian L. Grossman).

Second, Plaintiff offers an affidavit from Plaintiff's sole manager, Ethem Gungor, in which he established the facts constituting the claim and damages incurred by plaintiff (see NY St Cts Elec filing [NYSCEF] Doc No. 77, Affidavit of Ethem Gungor). Specifically, Gungor states that the contract provided for $400.00 in liquidated damages per day if the project was not substantially completed by October 8, 2020, leading to $490,000.00 in liquidated damages as of the filing of this motion. Further, Gungor states, with exhibits attached thereto, that $16,500.00 was paid to Plaintiff's neighbors to settle claims of damages caused by Defendant, $49,574.54 was paid by Plaintiff to subcontractors for work done that was originally contracted to be paid by Defendant, and $168,560.40 was paid by Plaintiff to Defendant for work that was never completed, demonstrated through Plaintiff's business records (see NY St Cts Elec filing [NYSCEF] Doc No. 77, Affidavit of Ethem Gungor).

656790/2022   EIGHTEEN HARRISON MANAGEMENT LLC vs. GRUPPO 5 SUBPARTNERS INC.          Page 4 of 6
Motion No.  006

[* 4]

4 of 6

It is well settled that a default judgment may be determinative of liability but not the amount of damages to be awarded, unless there can be no dispute as to the amount due, in other words, the amount sought being a "sum certain" (see Arent Fox Kintner Plotkin & Kahn, PLLC v Lurzer GmbH, 297 A.D.2d 590, 590 (1st Dept 2002); Reynolds Secs. v. Underwriters Bank & Trust Co., 44 N.Y.2d 568 (1978); see also CPLR 3215[a]). Further, a defendant whose answer is stricken, pursuant to 22 NYCRR 202.27, "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (see Rokina Opt. Co., Inc. v Camera King, Inc., 63 NY2d 728 [1984]). Where, however, the damages are for a sum certain, or a sum which can be made certain by computation, there is no need to conduct an inquest to assess the appropriate amount of damages (see Curiale v Ardra Ins. Co., Ltd., 88 NY2d 268, 271 [1996]; see Transit Graphics v. Arco Distrib., 202 AD2d 241, 241 (1st Dept 1994). The affidavit of Ethem Gungor sufficiently sets forth the "sum certain" defendant owes as a result of the alleged breach; thus no inquest is necessary here.

Accordingly, it is

ORDERED that Plaintiff EIGHTEEN HARRISON MANAGEMENT LLC'S unopposed motion to enter default judgment against defendant GRUPPO 5 SUBPARTNERS INC., is granted; it is further

656790/2022   EIGHTEEN HARRISON MANAGEMENT LLC vs. GRUPPO 5 SUBPARTNERS INC.        Page 5 of 6
Motion No. 006

5 of 6

ORDERED that the Clerk of the Court is directed to enter judgment against defendant GRUPPO 5 SUBPARTNERS INC., in the sum of $724,634.94, together with costs and disbursements; and it is further

ORDERED that plaintiff shall serve a copy of this Decision and Order with notice of entry upon defendant within 30 days after entry.


THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


| 5/16/2024 | | |
|-----------|---|---|
| **DATE** | | **EMILY MORALES-MINERVA, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656790/2022  EIGHTEEN HARRISON MANAGEMENT LLC vs. GRUPPO 5 SUBPARTNERS INC.**          **Page 6 of 6**
**Motion No.  006**

[* 6]                                                                6 of 6