| **City of New York v Bong Hee Su** |
|:---:|
| 2025 NY Slip Op 31882(U) |
| May 28, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 452815/2023 |
| Judge: Carol Sharpe |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. CAROL SHARPE**                    PART          **52M**
                                  *Justice*

------------------------------------------------------------X

THE CITY OF NEW YORK

                          Plaintiff,

            - v -

BONG HEE SU,

                          Defendant.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 452815/2023 |
| MOTION DATE | 03/26/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for          JUDGMENT - DEFAULT          .

Upon the foregoing documents, plaintiff's motion for a default judgment in the amount of $210,000.00 against defendant Bong Hee Su is granted.

Plaintiff ("The City") moved for a default judgment against Bong Hee Su, the owner of a property located at 33-07 153rd Street, Block 5238, Lot 40, Queens County, New York ("Premises") for violations of New York City Administrative Code §§28-210.1 and 28-202.1 ("Admin Code") issued for improper conversion of a dwelling. Three written violations from the New York City Department of Buildings were previously issued on the Premises and served on the defendant - Summons #354-621-10P, Summons #354-621-11R, and Summons #354-621-12Z. Each summons included a penalty of $70,000.00. Hearings were held by the Office of Administrative Trials and Hearings ("OATH") on July 20, 2021, where final default decisions for each violation were issued against Bong Hee Su for a total amount of $210,000.00. The OATH decisions were adopted by the Environmental Control Board. Defendant did not appear for the

OATH hearings, did not appear in this proceeding, nor has he made any payment for the outstanding violations.

In support of its motion, The City provided the summons and verified complaint, affirmations of Stephanie Klein, Esq., Special Assistant Corporate Counsel, and Tasminara Mitu, a supervisor from OATH's Penalty Processing Unit, as well as other pertinent evidence (*See*, NYSCEF Doc. #1 - #12). The evidence submitted showed that the defendant Bong Hee Su was served with the violations; notice of the scheduled OATH hearings on April 14, 2020 for each violation; notice of the adjournment of the hearings to July 20, 2021, after Bong Hee Su failed to appear on April 14, 2020; and, upon his failure to appear yet again, notice of the default decisions for a total penalty in the amount of $210,000.00. The City also submitted the Decisions Based on Failure to Answer Summons from OATH for the three violations, and proof of service by mail to Bong Hee Su (NYSCEF Doc. #11), as well as the affidavits of service made to the defendant in this matter (NYSCEF Doc. #3, #7, #16, and #19).

Bong Hee Su failed to appear for the oral argument on the instant motion which was held on March 26, 2025. The City's application for a default judgment was granted on the record, and an inquest was scheduled for April 23, 2025. Prior to the inquest, The City sent a letter to the Court dated March 28, 2025 (NYSCEF Doc. #18), briefing the Court on the *res judicata* effect of the OATH decision and the sufficiency of the penalty which is a sum certain. The inquest was subsequently canceled, and the motion is now deemed fully submitted.

CPLR §3215(a) provides that "[w]hen a defendant has failed to appear, plead, or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment against him." A plaintiff seeking default judgment must provide proof of the facts substantiating the claim, the default, the amount

452815/2023   THE CITY OF NEW YORK vs. SU, BONG HEE
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

due, and proof of service of the summons and complaint. CPLR §3215(f); *See, Zelnik v. Bidermann Indus. U.S.A.*, 242 A.D.2d 227, 228 (1st Dept 1997); *Gantt v. North Shore-LIJ Health Sys.,* 140 A.D.3d 418, 31 N.Y.S.3d 864 (App. Div. 1st Dept.). When a defendant fails to appear in an action, they "are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them." *Woodson v. Mendon Leasing Corp.,* 100 N.Y.2d 62, 71, 760 N.Y.S.2d 727, 733, 790 N.E.2d 1156, 1162 (2003). Additionally, New York City Charter §1049-a(d)(1)(d) provides that:

> Where a respondent has failed to plead within the time allowed by the rules of the board or has failed to appear on a designated hearing date or a subsequent date following an adjournment, such failure to plead or appear shall be deemed, for all purposes, to be an admission of liability and shall be grounds for rendering a default decision and order imposing a penalty in the maximum amount prescribed under law for the violation charged.

"[T]he term 'sum certain'…contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due…" *Reynolds Secur., Inc. v. Underwriters Bank & Tr. Co.*, 44 N.Y.2d 568, 572, 406 N.Y.S.2d 743, 746, 378 N.E.2d 106, 109 (1978). When the amount in dispute is a sum certain an inquest is unnecessary, and a default judgment can be issued for said amount. *See, Transit Graphics v. Arco Distrib.*, 202 A.D.2d 241, 608 N.Y.S.2d 442, 443 (App. Div. 1st Dept. 1994). Determinations made by OATH, an administrative agency, are final, binding, and subject to *res judicata*, absent a filing by the defendant of a timely Article 78 proceeding or a timely motion to vacate the OATH determination. "It is settled law that the principles of *res judicata* and collateral estoppel are applicable to the determinations of quasi-judicial administrative agencies and that such determinations, when final, become conclusive and binding on the courts." *Bernstein v. Birch Wathen Sch.,* 71 A.D.2d 129, 132, 421 N.Y.S.2d 574, 575 (1st Dept. 1979); *See also, Ryan v. N.Y. Tel. Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 825, 467 N.E.2d 487, 490 (1984).

452815/2023   THE CITY OF NEW YORK vs. SU, BONG HEE
Motion No. 001

Page 3 of 4

[* 3]

In this case, The City provided sufficient evidence to establish its entitlement to a default judgment. The defendant failed to answer the summonses sent by OATH, failed to appear at the scheduled OATH hearings, failed to file an Article 78 proceeding or a motion to vacate OATH's determinations, and failed to pay any of the violations. Judgment can be issued for the total amount without need for an inquest as the penalty amounts are a sum certain and was issued by OATH, an administrative authority. Accordingly, it is hereby:

**ORDERED and ADJUDGED,** that plaintiff's motion for a default judgment against defendant is granted; it is further

**ORDERED AND ADJUDGED,** that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $210,000.00, with interest at a rate of nine percent (9%) per annum from July 20, 2021, plus any costs and disbursements in the amount calculated by the Clerk, and that the plaintiff have execution therefore.

This constitutes the Decision, Order and Judgment of this Court.

ENTER:

<u>May 28, 2025</u>
DATE

HON. CAROL SHARPE, J.S.C.

**HON. CAROL SHARPE J.S.C.**

CHECK ONE: [X] CASE DISPOSED   [ ] NON-FINAL DISPOSITION

[X] GRANTED   [ ] DENIED   [ ] GRANTED IN PART   [ ] OTHER

APPLICATION: [ ] SETTLE ORDER   [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

**452815/2023   THE CITY OF NEW YORK vs. SU, BONG HEE**
**Motion No.  001**

**Page 4 of 4**